## WHIT BINION AND I. N. WILLIAMS V. C. M. SEALS.

### No. 3032.

1. **Exceptions to Appeal Bond from Justice Court.**—An objection *because the bond misdescribes the judgment* was sufficient to call the attention of the court to a difference in name of the appellant as shown in the judgment from the name of the person executing the appeal bond.

2. **Misdescription of Judgment.**—An appeal bond made and signed by *M. W. Binion*, when the name of appellant in the judgment appealed from appears *Whit Binion*, is fatally defective, from misdescription of appellant.

3. **Same.** — Had the record shown the identity of M. W. with Whit Binion the defect would have been explained.

4. **Same.**—A distinction is made between a misdescription and an incomplete description. The former is held to be a fatal variance; the latter, if sufficient to identify the judgment, is held to be no variance.

APPEAL from Titus.   Tried below before Hon. JOHN L. SHEPPARD. The opinion states the case.

*George F. Conly,* for appellants.—1. The fact that the names of the securities are not set out in the body of the bond does not render it invalid.  San Roman v. Watson, 54 Texas, 259 (citing Cooke v. Crawford, 1 Texas, 10; Shelton v. Wade, 4 Texas, 150; Lindsay v. Price, 33 Texas, 280); Hodde v. Susan, 63 Texas, 307.

2.   The court erred, because the bond for appeal described the judgment appealed from by the court rendering it, the parties to it, its number on the docket, the date when rendered, and the amount, and was in substantial compliance with the statute in every particular.   Rev. Stats., art. 1839; Munzenheimer v. Merrell, 1 Ct. App. C. C., sec. 578; Herndon v. Bremond, 17 Texas, 432.

*J. H. Davis* and *S. M. Long,* for appellee.—M. W. Binion and Whit Binion are not in law the same name; hence a variance between the judgment and the appeal bond, which is not cured by any part of the record.   Cassaday v. The State, 4 Texas Ct. App., 96; Lowe v. The State, 15 Texas, 141; Dixon v. The State, 2 Texas Ct. App., 531; Dodd v. The State, 2 Texas Ct. App., 58; Battle v. Guedry, 58 Texas, 111.

COLLARD, JUDGE, *Section A.*—The appellee C. M. Seals brought suit in Justice Court against Whit Binion, the constable of Precinct No. 6 in Titus County, and I. N. Williams, and recovered judgment against them by names as sued, from which they appealed to the District Court. All the proceedings in the Justice Court—the style of the case, the account, the citation, and the judgment, were styled as against "Whit Binion."

The style of the case on the back of the appeal bond gave his name as "Whit Binion," but the judgment was described in the bond as being against "M. W. Binion and I. N. Williams," and it was signed M. W. Binion.

In the District Court, Seals by written motion asked the court to dismiss the appeal, because the bond misdescribes the judgment, and because there are no sureties thereto. The appeal was dismissed pursuant to the motion, and Binion and Williams have appealed to the Supreme Court, and assign errors.

The first is, that "the grounds set out in the motion are too vague and indefinite, and point out no objection."

No such exception to the sufficiency of the motion nor exception of any nature was made in the court below, and it can not be made in the Supreme Court; but we think the motion was sufficiently definite as to misdescription.

The second assignment is to the effect that the court erred in dismissing the appeal for misdescription of the judgment in the bond.

In all other respects besides the Christian name of Binion, the judgment was accurately described. There is nothing in the justice's transcript showing the identity of Whit Binion and M. W. Binion, nor was there any evidence in the District Court indicating such identity. In appellant's brief it is stated that M. W. Binion was commonly called Whit Binion, but no such explanation was made in the Justice or the District Court. We are left to supposition merely, not to a legitimate inference from the facts. If the supposition be true, the bond would be sufficient; but we have no means of knowing that it is true. On the face of the record it would appear that the judgment was rendered against Whit Binion, while in the body of the bond it appears that the judgment was against M. W. Binion. This misdescription is fatally defective. The caption of the case in the caption of the bond is —— Binion. Had the caption been correct according to the judgment, and the description referred to the parties as plaintiffs and defendants, it would have been sufficient, as in the case of Wilkes v. Adler, 68 Texas, 690.

A distinction is made in a misdescription and an incomplete description. The former is held to be a fatal variance; and the latter, if sufficient to identify the judgment, held to be no variance. Owens v. Levy, 1 Ct. App. C. C., 407; Kerr v. Nutten, Id., 410; Dutton v. Norton, Id., 358; Hab v. Johnson, Id., 625; Austin v. McMahan, 2 Ct. App. C. C., 429; Id., 77; Id., 111; Id., 26.

In the case of Railway v. Rains, 2 Court of Appeals Civil Cases, 752, in an appeal bond from a Justice Court the judgment was described as of date November 27, 1884, when its date was September 27, 1884. It was held "not necessary to state the date of the judgment, but it having been stated, and stated incorrectly, the judgment was misde-

scribed, and that such misdescription can not be considered a mere clerical mistake." It was also so decided in Damron v. Railway, 1 Court of Appeals Civil Cases, 383.

The whole transcript may be looked to to explain an incomplete description of the judgment, as where a judgment in a Justice Court was against one Lewis and others, and the appeal bond described it as against Lewis *as principal* and the other defendants *as sureties*, it was held that the bond was not bad for misdescription, the record of the Justice Court showing that Lewis was the principal and the other defendants his sureties. Lewis v. Richardson, 3 Ct. App. C. C., 343.

The objection to the bond in the case at bar is that of misdescription of the judgment, in that the name of defendant is different in the bond from that in the judgment; it can not be called a clerical error, and the whole transcript from the Justice Court except the bond itself falsifies the description in the bond as to the name of the defendant.

There was no error in sustaining the motion to dismiss the appeal in the District Court, and the judgment should be affirmed. See 1 Court of Appeals Civil Cases, sections 383, 386, 525.

*Affirmed.*