## McCASKEY REGISTER CO. v. GOOCH et al.
### No. 3441.

Court of Civil Appeals of Texas. Amarillo.
Sept. 17, 1930.

Floyd A. Cooper, of Amarillo, and L. M. Goodrich, of Shamrock, for appellant.

Reynolds & Heare and Lackey & Lackey, all of Shamrock, for appellees.

JACKSON, J.

The plaintiff, McCaskey Register Company, a corporation, instituted this suit against J. W. Gooch and W. W. Beach in justice court, on a note dated October 20, 1926, executed by the defendants, and payable to the plaintiff in the sum of $126.

The defendants answered in justice court, precinct No. 4, Wheeler county, Tex., and set up a cross-action against the plaintiff for $16.25.

The case came on regularly to be heard, and was tried before the justice of the peace without the intervention of a jury on December 20, 1929, and judgment entered to the effect that the plaintiff take nothing by its suit against the defendants and that the defendants have and recover of and from the plaintiff on their cross-action the sum of $16.-25 and costs of suit.

To this judgment the plaintiff gave notice of appeal to the county court of Wheeler county, Tex., and in due time filed its appeal bond in the sum of $50, reciting, in effect, that the defendants recovered judgment against the plaintiff for the sum of $16.25, besides costs, and that the plaintiff had appealed to the county court.

In county court the defendants filed a motion to dismiss the appeal because the judgment appealed from showed on its face that the amount in controversy is less than $20; that the appeal bond shows on its face that the amount in controversy is less than $20; that the appeal bond does not show in what precinct the judgment appealed from was rendered; and that said appeal bond was executed by only one surety.

The motion was sustained by the county judge, and judgment entered dismissing the case "for the reason that the appeal bond filed herein shows upon its face that the appeal is taken from a judgment in said Justice Court for a sum less than $20.00."

From the judgment dismissing the case in county court, this appeal is prosecuted.

The record discloses that on the hearing of the motion to dismiss the appeal in county court, the parties agreed that, on the trial of the case in justice court, the plaintiff pleaded orally, in substance, that it sought a recovery on a promissory note dated October 20, 1926, for the sum of $126, executed by the defendants and payable to the plaintiff in monthly installments of $10.50 each, the first installment being due one month after the date of the note; that the note contained the usual default clause and provided for reasonable attorney's fees, etc.

It is also agreed that, at the trial in justice court, the plaintiff introduced the note sued on and a written contract between the defendants and plaintiff. The record also discloses that plaintiff filed a bond for costs in justice court, precinct No. 4, Wheeler county, Tex.

The transcript from the justice court to the county court discloses: That the plaintiff's suit was upon a note for $125, and that the judgment of the justice of the peace recites: "The court, having heard the plaintiff's pleading and the defendants' answer thereto, and the cross-action of the defendants for the sum of $16.25, and the evidence and argument of counsel, is of the opinion that the law and the facts are with the defendants. It is therefore ordered, adjudged and decreed that the plaintiff, the McCaskey Register Company, take nothing by its suit against the defendants," and that the defendants recover of the plaintiff on their cross-action $16.25 and costs. That the appeal bond filed by the appellant gives the correct name of the plaintiff and the defendants in the style of the case in justice court, the correct number thereof, and recites in the caption, "In

Justice Court, Precinct No. 4, Wheeler County, Texas," and is approved by "A. J. Austin, Justice of the Peace, Precinct No. 4, Wheeler County, Texas." That the appeal bond recites, in substance, that the defendants in the cause recovered judgment against the plaintiff for the sum of $16.25 and costs, and is in the sum of $50 and conditioned that the plaintiff shall prosecute its appeal to effect, pay off and satisfy any judgment which may be rendered against it on appeal, and is executed by the plaintiff as principal and the National Surety Company as surety.

Article 2454, R. C. S. 1925, provides: "A party to a final judgment in any justice court may appeal therefrom to the county court where such judgment, or the amount in controversy, shall exceed twenty dollars exclusive of costs," etc.

The evidence introduced before the county court on the hearing of the motion to dismiss plaintiff's appeal from the judgment of the justice court and the agreement of the parties show, without controversy, that the plaintiff's suit was for a sum in excess of $100; that the judgment rendered against it was that it take nothing by its suit and in favor of the defendants on their cross-action for $16.25.

We are of the opinion that none of the grounds urged by the defendants in their motion to dismiss plaintiff's appeal are tenable, and that the court erred in sustaining said motion. Warren et al. v. Marberry et al., 85 Tex. 193, 19 S. W. 994; Brown et al. v. Shelton (Tex. Civ. App.) 23 S. W. 483; Fussell et al. v. Insall (Tex. Civ. App.) 50 S. W. 475; Kusmierz et al. v. Mahula (Tex. Civ. App.) 77 S. W. 966; article 4970, R. C. S.; International-G. N. Ry. Co. v. Smith (Tex. Civ. App.) 269 S. W. 886; Binion et al. v. Seals, 82 Tex. 397, 18 S. W. 705.

The judgment of the county court sustaining the motion and dismissing the appeal from justice court is reversed, and the cause remanded to the county court for a hearing on the merits.