HEIRS OF WM. GATLIN V. STERLING ORGAN ET AL.

(Case No. 3395.)

1. TRESPASS TO TRY TITLE — JUDGMENT.— When, in trespass to try title, there is a finding in favor of defendants for the value of permanent improvements on the land, a judgment which declares that, if the plaintiff shall fail to pay the amount so found within twelve months, " he shall be forever barred of his writ of possession, and from ever maintaining an action against the defendant for the land," is manifest error.

2. TRESPASS TO TRY TITLE — IMPROVEMENTS IN GOOD FAITH.— When, in trespass to try title, the defendant does not attack the title of plaintiff, but claims the value of permanent improvements made by himself through mistake across a boundary line, he is not entitled to their value, if, by the exercise of due diligence, the true boundary could have been discovered. If, however, the mistake was not caused by the defendant's negligence, and the plaintiff knowingly stood by while the improvements were being made by defendant through mistake, and failed to inform him of his right to the land, then defendant would be entitled to recover the value of the improvements, less the value of the use and occupation.

ERROR from Williamson.    Tried below before the Hon. J. P. Osterhout.

On July 21, 1874, the plaintiffs in error brought suit against defendants in error to recover the land in controversy, claiming the same as the heirs of Wm. Gatlin, deceased.

The defendants answered by general denial, not guilty, three, five, and ten years' limitation, and suggested improvements made in good faith.

By amendments the suit in effect became one to determine boundary, the plaintiffs claiming the land in controversy as part of the Wm. Gatlin survey, while it seems the defendants claimed it as part of the Wm. J. Browne survey.

September 11, 1875, the case was tried, and the jury returned a verdict, finding for the plaintiffs the land, and for the defendants $500 for improvements; for the plaintiff, rents $70.05; upon which a judgment was rendered, the peculiarities of which will be noticed in the opinion.    The case came up on error.

There is no statement of facts, and the assignments of error need not be stated.

*Phil. Claiborne* and *John Dowell*, for plaintiffs in error.

WATTS, J. COM. APP.— An inspection of the record in this case discloses a manifest error, fundamental in its character, that requires a reversal of the judgment.

The jury found in favor of the appellants for the land, and for the appellees $500 for improvements, less $70.05 rents.    Upon this verdict the court rendered judgment in favor of appellants for the land in controversy, and for the appellees against the appellants for the $500, less the $70.05, and decreed that no writ of restitution should issue for twelve months from the rendition of the judgment, unless the appellants within that time should pay to the clerk of the court for the use of the appellees the sum of $429.95.    And if the appellants should fail to pay that sum within the twelve months, that then they should be forever barred of their writ of possession and from ever maintaining any action against appellees for the land.

Our statute then in force required that the jury in such cases should assess the value of the improvements at the time of the trial, the value of the land, without considering its increased value by reason of the improvements, and the value of the use and occupation of the land.    And also provided that if the value of the improvements, as assessed, should exceed the value of the use and occupation, no

writ of possession should issue for twelve months, unless the plaintiff should pay to the clerk, for the defendant, the excess of the value of the improvements over the value of the use and occupation; and if the plaintiff should neglect to make such payment within that time, then the defendant had the privilege, at any time within six months thereafter, of paying to the clerk, for the plaintiff, the value of the lands assessed by the jury; and if this was done, then the plaintiff should be forever barred of his writ of possession and from maintaining any action against the defendant for the land. And should the defendant fail to pay to the clerk the assessed value of the land within the six months, then the plaintiff would have the right to sue out his writ of possession.

In the case before us, the failure upon the part of the appellant to pay the excess of the value of the improvements over that for use and occupation, within the twelve months, is made by the judgment an absolute forfeiture of the appellant's land, without allowing him any compensation for the same.

This judgment in that particular is not warranted by the pleadings, is repugnant to natural justice, and violative of the constitution and laws of the state.

In view of another trial in the court below, we deem it proper to say, that, as a general rule, a defendant who does not assail the validity of the plaintiff's title to the land is not entitled to recover for the value of improvements upon the ground that he had mistaken the boundary line, and in this way put improvements upon the plaintiff's land instead of his own, if, by the exercise of due care, the true boundary could have been known. But if the evidence should show in such a case that the mistake was not caused by the party's negligence, or that the plaintiff knowingly stood by and permitted the mistaken defendant to make valuable improvements upon his land, without giving him notice of his claim, then the defendant would be entitled to compensation for the excess in value of the improvements over the value of the use and occupation of plaintiff's land.

The judgment of the court below should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 28, 1882.]