JOHN L. AND ADDIE WARREN v. MARBERRY & SON.

No. 7413.

1. **Appeal Bond in Justice Court—Description of Judgment.**—In an appeal from a judgment in a Justice Court the bond is sufficient, the statute in other things being followed, if the description of the judgment as given in the bond is full enough to identify it as that appealed from, although in some respects the bond may misdescribe it. The bond in this case gives the number and title of the case as stated in the transcript from the Justice Court, and correctly names the court rendering the judgment. *Held,* error in the District Court to dismiss the appeal on the ground that the bond did not sufficiently describe the judgment appealed from.

2. **Same—Cases Discussed and Adhered to.**—Herndon v. Bremond, 17 Texas, 434; Hodde v. Susan, 63 Texas, 309; Christian v. Crawford, 60 Texas, 45; Railway v. Stanley, 76 Texas, 419; Mills v. Hackett, 1 White & Willson's Civil Cases, section 439; Dutton v. Norton, 1 White & Willson's Civil Cases, section 358; Nelson v. Baird, 1 White & Willson's Civil Cases, section 1236; Austin v. McMahan, 2 Willson's Civil Cases, section 439; Parsons v. Crawford, 2 Willson's Civil Cases, section 669; Laird v. Freiberg, Klein & Co., 2 Willson's Civil Cases, section 111; Moses v. Clements, 3 Willson's Civil Cases, section 171, discussed and adhered to.

APPEAL from Stephens. Tried below before Hon. T. H. CONNER.

This is a suit of trial of the right of property under the statute, instituted in the Justice Court by appellants as claimants of the property, and against appellees, who levied a writ of attachment upon the property in controversy for the debt of defendant P. S. Taylor. The appellees recovered judgment, and the claimants appealed to the County Court. The judge thereof being disqualified, the case was transferred to the District Court.

The appeal was dismissed in the District Court, because, as the judgment recites, the "appeal bond is wholly insufficient."

The judgment appealed from is as follows:

"*Marberry & Son, plaintiffs, v. J. L. Warren and Addie Warren, defendants.*—No. 12.—Suit upon claimants' bond to try the rights of property. Filed 13th day of May, 1887. Citation issued the 2d day of September, 1887, to Mrs. Addie Warren, to which she was made a party to the suit, returnable to the September Term, A. D. 1887, and placed in the hands of J. S. Stokes. Returned 'executed the 5th day of September, 1887.'

"This day came the parties by their attorneys, and an issue having been filed in writing under the direction of the court, and a jury of good and lawful men, to-wit, E. Crudgington and five others, who, after being duly elected, empanelled, and sworn, after hearing the evidence and argument, returned into court the following verdict, to-wit: 'We, the jury, find that the cattle mentioned in the writ of attachment in this cause is subject to said attachment, and we find for the plaintiffs.

"'E. Crudgington, Foreman.'

"And it appearing to the court that the plaintiffs had a legal subsisting debt against P. S. Taylor, upon which a writ of attachment was issued out of the Justice Court of Stephens County, Texas, on the 7th day of May, 1887, and was by J. S. Stokes, constable of said precinct, executed on the 7th day of May, 1887, by levying the same on 17 head of cattle, branded ILO, as the property of P. S. Taylor, which were by said constable valued at $170, and which said cattle were claimed by J. L. Warren, and claimant's bond was filed on the 13th of May, 1887, by J. L. Warren, J. P. Taylor, and P. S. Taylor, which said bond was, upon motion of plaintiff, declared by the court, on the 26th day of September, 1887, to be insufficient and void; whereupon defendant J. L. Warren, on the 26th day of September, 1887, filed a new claimant's bond in lieu thereof, signed by J. L. Warren as principal, and J. M. Cook and B. S. Snelling as sureties thereon; it further appearing to the court that judgment has been rendered in Justice Court of Precinct No. 1, Stephens County, Texas, on the 30th day of May, 1887, against the said P. S. Taylor, and in favor of plaintiffs, for the sum of $112.50 principal, and interest thereon at the rate of 12 per cent per annum, with all costs therein incurred, with a foreclosure of said attachment lien, subject to the trial of the right of property, to-wit, 17 head of cattle; and it further appearing to the court that J. L. Warren, defendant or claimant, having wholly failed to establish his right to the property or cattle heretofore claimed and described in said bond, to-wit, 17 head of cattle branded ILO, the court therefore gives judgment against all the obligors on claimant's bond for $112.50, and $6.75 interest thereon since the rendition of said judgment, and the further sum of $11.92, being 10 per cent damages on the principal and interest due plaintiffs on said judgment.

"It is therefore considered by the court, that the plaintiffs, Marberry & Son, recover of the defendants, J. L. Warren and Mrs. Addie Warren, principals, and J. M. Cook and B. S. Snelling as sureties on claimants' bond, in the full sum of $131.17, being the amount of plaintiffs' judgment and interest due, have 10 per cent damages, and that this judgment bear interest at the rate of 8 per cent per annum; and it is further ordered by the court, that the defendants pay all costs of this suit, together with all cost in the original suit of Marberry & Son against P. S. Taylor,

and that execution issue for judgment and cost as the law directs in such cases.

"Whereupon defendants' attorneys make motion for a new trial, which is overruled by the court; whereupon defendants' attorneys give notice of appeal. Appeal bond filed on the 8th day of February, 1888.

"E. W. BOYETT,

"Justice of the Peace, Precinct No. 1, Stephens County, Texas."

The following endorsement on said transcript:

"No. 12. Transcript of judgment from Justice Court. Marberry & Son v. J. L. Warren, Mrs. Addie Warren, J. M. Cook, and B. S. Snelling."

COPY OF APPEAL BOND.

"*Marberry & Son v. J. L. Warren, Mrs. Addie Warren.*—In Justice Court, Precinct No. 1, Stephens, County, Texas. No. 12. — Whereas, on the 30th day of January, 1888, before E. W. Boyett, a justice of the peace in the county of Stephens, State of Texas, Marberry & Son recovered a judgment against J. L. Warren and Mrs. Addie Warren for the sum of $112.50, besides costs of suit, from which judgment the said J. L. Warren and Mrs. Addie Warren have appealed to the County Court of Stephens County: Now, therefore, we, J. L. Warren and Mrs. Addie Warren as principals, and J. A. Warren, J. D. Warren, W. L. Warren, and Ben S. Snelling as sureties, acknowledge ourselves bound to pay unto the said Marberry & Son the sum of $735, conditioned that the said J. L. Warren and Mrs. Addie Warren shall prosecute their said appeal to effect, and shall pay off and satisfy the judgment which may be rendered against them on such appeal. Witness our hands, this the 8th day of February, 1888.

"J. L. WARREN,
"MRS. ADDIE WARREN,
"J. A. WARREN,
"J. D. WARREN,
"W. L. WARREN,
"BEN S. SNELLING.

"Approved:

"E. W. BOYETT, J. P. Prec. No. 1, Stephens County."

Indorsed on the foregoing bond:

"No. 12. Marberry & Son v. J. L. Warren and Addie Warren. Claimants' replevy bond. Filed September 26, 1887.

"E. W. BOYETT, J. P."

[This statement accompanied the opinion.]

*W. P. Sebastian*, for appellants.—1. The motion to dismiss the appeal should have been overruled, because there is no misdescription of the judgment appealed from in the appeal bond, "but only perhaps not so full and particular a description as might have been given of its contents." Austin v. McMahan, 2 Wills. C. C., sec. 429; Moses v. Clements, 3 Will-

son's C. C., sec. 171; Anderson v. Beaty, 3 Willson's C. C., sec. 260; Herndon v. Bremond, 17 Texas, 432; Hodde v. Susan, 63 Texas, 307.

2. An appeal bond is sufficient if it appears prima facie to have been given to secure an appeal from a judgment which the justice certifies to the appellate court in the transcript of the proceedings had before him and is conditioned as the law requires. Dutton v. Norton, 1 W. & W. C. C., sec. 358; Habb v. Johnson & Co., 1 W. & W. C. C., sec. 625; Nelson v. Baird, 1 W. & W. C. C., sec. 1236; Worley v. Hudson, 2 Willson's C. C., sec. 26; Parsons v. Crawford, 2 Willson's C. C., sec. 669; Moses v. Clements, 3 Willson's C. C., sec. 171; Christian v. Crawford, 60 Texas, 45 Anderson v. Beaty, 3 Willson's C. C., sec. 260.

*Wm. Veale & Son, C. T. Barker*, and *J. W. Crudgington*, for appellees, cited: Newbauer & Bro. v. Joseph, 1 W. & W. C. C., sec. 86; Damron v. Railway, 1 W. & W. C. C., sec. 383; Morris v. Edwards, 1 W. & W. C. C., sec. 525; Gibson v. Giles, 2 Willson's C. C., sec. 402.

FISHER, JUDGE, *Section B.*—The court below held the appeal bond insufficient, because it failed to describe, and misdescribed, the judgment appealed from. Appellants' only assignment of error contends that the bond was not subject to these objections.

The judgment was rendered against the appellants and the sureties on their claim bond. The appellants only appeal. The appeal bond, in naming the parties against whom the judgment was rendered, does not mention the sureties, but simply states that it was rendered against the appellants J. L. Warren and Addie Warren. The judgment recovered against the appellants and their sureties on their claim bond is for the sum of $131.17. The appeal bond states the amount of judgment recovered to be the sum of $112.50.

It does not appear from the face of the judgment upon what day it was rendered. The appeal bond states it was rendered on the 30th day of January, 1888. Looking to the file mark upon the verdict of the jury, it appears that it was returned and filed in the Justice Court on the 30th day of January, 1888. The bond correctly states the number of the case, and also correctly states the style of the cause and the court in which the judgment was rendered. If we can regard that the judgment was rendered upon the same day that the verdict was returned and filed, then the bond gives the proper date of the judgment.

The facts relied upon as misdescription and want of description of the judgment have been in several cases passed upon by this court and the Court of Appeals. In Herndon v. Bremond, 17 Texas, 434, the judgment was rendered against John H. Herndon, John T. Cleveland, and John Burleson. The judgment was described in the appeal bond as only against John H. Herndon and John T. Cleveland. In the opinion the

court say: "The bond identifies the case by its title and number on the docket, and describes the judgment accurately in so far as it affects the appellant. There is no misdescription of the judgment, but only not so full and particular description as might have been given of its contents. But the mere omission in the bond of a full and particular description of the judgment in every particular, if it be sufficiently described to identify it, has not been held a ground for dismissing the appeal. It is to be observed that John H. Herndon alone appeals."

The case of Hodde v. Susan, 63 Texas, 309, is much like this case. There the claimant sought to recover certain property levied upon. The judgment as rendered was against the claimant John Susan, that he return the property to the officer who made the levy, and that the plaintiff recover of the claimant Susan, and G. W. Foster, W. W. Bethany, John W. Lott, and Isaac Lewis, sureties on his claim bond, the sum of $11.94, 10 per cent damages on the amount claimed, and costs of suit. The bond described the judgment as against John Susan only, and that he return the property, valued at $200, and for $11.94 damages and costs. The bond described the case by its title and number. Chief Justice Willie, in delivering the opinion, says: "The judgment of the justice was rendered against Susan for a return of the property levied on and claimed by him, and was also a judgment against him for $11.94 damages. The latter part of the judgment was rendered also against the sureties on his claim bond. Susan alone appeals from the judgment. The case appealed from is described in the appeal bond by its title and number, and is otherwise identified. Under a state of circumstances similar to those now presented to us, this court, in the case of Herndon v. Bremond, 17 Texas, 432, held the appeal bond sufficient. The effect of that decision is, that when the case is identified by its number and title on the docket, and the judgment accurately described, so far as it affects the appellant, a defect as here complained of is not a misdescription of the judgment, but only not so full and particular a description as might have been given of its contents."

In Austin v. McMahon, 2 Willson's Civil Cases, section 429, judgment was rendered for a certain mare or her value at $75, and also for $34 damages. The appeal bond, in describing the judgment, said nothing about the mare. It was held that the judgment was not misdescribed, but was not so full a description as might have been given, and that it described the judgment with sufficient accuracy to identify it. To the same effect are the cases of Moses v. Clements, 3 Willson's Civil Cases, section 171; Mills v. Hackett, 1 White & Willson's Civil Cases, section 846; Dutton v. Norton, 1 White & Willson's Civil Cases, section 358.

In Christian v. Crawford, 60 Texas, 45, in passing upon the sufficiency of an appeal bond that did not state the amount of the judgment, the court say: "The statutes for an appeal from Justice Court do not make it necessary for the bond to show the amount of the judgment.  *  *  *

It is sufficient that the appeal bond appears prima facie to be given to se-cure an appeal from the judgment which the justice certifies to the appel-late court in the transcript of the proceedings had before him, and is conditioned according to the statute. It is only essential that it should appear that the appeal bond applies to the judgment appealed from."

In Nelson v. Baird, 1 White & Willson's Civil Cases, section 1236, the judgment appealed from was for $264. The appeal bond described it as a judgment for $260, but otherwise correctly described it. The bond was held sufficient.

In Laird v. Freiberg, Klein & Co., 2 Willson's Civil Cases, section 111, the judgment was for $61.91, while the bond described it as a judgment for $61.90. The bond was held sufficient.

In Parsons v. Crawford, 2 Willson's Civil Cases, section 669, the bond described the judgment as follows: "On the 24th day of November, 1883, in Justice Court of said county, precinct number 7, M. Meyers, J. P., presiding, R. O. Crawford, plaintiff, recovered judgment against G. W. Parsons and James Grunnett, defendants, upon account for $150 for trespass to property," etc. The court say: "Considering the bond in connection with the justice's transcript, we find they correspond in every particular, except the bond omits to state the amount of the judgment, which was $100. It states the amount and nature of plaintiff's demand, that is, an account for $150, and date of filing of said account. It states correctly the names of the parties, the date of the judgment, and the court in which it was rendered. There is no difficulty or uncertainty in iden-tifying the judgment described in the bond as the same set out in the justice's transcript It was unnecessary that the bond should state the amount of the judgment when it otherwise described it with reasonable certainty."

In Railway v. Stanley, 76 Texas, 419, the appeal bond described the judgment correctly, except that the date it was rendered was given as the first of December instead of the 27th day of November, which was the true date of the judgment. The court say: "The date of the judg-ment is one of the most important features by which it can be identified. The same judgment can not have two dates. * * * But it has been held, that it is not necessary that the date should be stated, and the sole purpose it can serve is to aid in identifying the judgment appealed from. * * * It is possible that in the same court two judgments may have been rendered between the same parties to the same effect and for the same amount, even on the same day; but if the officer has done his duty in numbering his cases upon the docket, it is impossible that there could be two with the same number. The date is not so determinate an element of description as the number of the case. It is a false idea that there is any particular sanctity about the date of the judgment. Being relieved of this idea, we think there should be no difficulty in concluding that the

misrecital of its date in an appeal bond should not necessarily be held fatal to it.    Like any other misrecital, it should be disregarded, provided the other elements of the description show with reasonable certainty that it can be no other than the judgment appealed from.'' To the same effect is the case of Edwards v. Allen, 17 Southwestern Reporter, 1077.

These cases lay down the rule, that the appeal bond is sufficient if the description of the judgment as stated in the bond is accurate enough to identify it as the judgment appealed from, although the bond may in some respects misdescribe it, or fail to accurately describe it.    The bond in this case gives the same number and title of the case as stated in transcript from the Justice Court, and correctly names the court that rendered the judgment.    The presumption is that the justice of the peace gave the correct number and style of the case as it appears on his docket, and that the case was correctly styled and numbered on the docket.

The law only permits one final judgment to be rendered in a cause, unless it be a case in which a severance is permissible.    This is not such a case.    This being true, we do not see how it is possible for two judgments to be rendered in a cause that bear the same style and number.    It would be an unwarrantable assumption, that the Justice Court had upon its docket two cases in which the same parties plaintiff and defendant were engaged, and each case bearing the same number.    The law requires the number of the case to be stated, and that each cause should be numbered different from another; this for the purpose of identifying and distinguishing it from other cases.    It is a fair presumption that the justice of the peace correctly performed this duty, and did not violate the law by numbering two cases alike.

It is possible for a case to occur in which the description of the judgment as given in the bond is so widely variant from the judgment as rendered, that it would impress one with the belief that the number, although it corresponds with that of the judgment, was a mistake in the officer in preparing his transcript or numbering the cause.    In such a case the number should be disregarded, and should not be considered of first importance in identifying the judgment.    But such is not this case.    Here we have other facts that aid in the description.

We think the appeal bond sufficiently identifies the judgment, and conclude that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 7, 1892.