ALICE O. MARTIN v. S. LAPOWSKI & BRO.

No. 2042.

**Appeal from Justice Court—Joint Judgment—Appeal Bond.**

From a joint judgment against two or more defendants in an action of debt in the Justice Court, either of them may appeal the case to the County Court, and, unless they are adversely interested, without making the appeal bond payable to the defendant or defendants not so appealing.

APPEAL from the County Court of Taylor. Tried below before HON. D. G. HILL.

*Kirby & Kirby*, for appellant.—Only such parties to a judgment as are interested adversely to appellant need be made obligees in an appeal bond. Young v. Russell, 60 Texas, 686; Cason v. Laney, 82 Texas, 317; Cason v. Connor, 83 Texas, 28.

*John Bowyer*, for appellees.

STEPHENS, ASSOCIATE JUSTICE.—It has been twice decided by this court that from a joint recovery against two or more defendants in an action of debt in the Justice Court, either of them may appeal the case to the County Court; and that, too, where they are not adversely interested, without making the appeal bond payable to the defendant or defendants not so appealing. Railway v. Mosty, 27 S. W. Rep., 1057; Ayers v. Smith, 28 S. W. Rep., 835.

A contrary ruling by the Court of Civil Appeals at Dallas is relied on. Baldwin v. White, 26 S. W. Rep., 455. That decision, however, seems to us to be in conflict with the very case cited in the opinion of Justice Rainey to support it, that of Moore v. Jordan, 65 Texas, 395, especially when the latter case and the cognate case therein referred to of Jordan v. Moore, reported in the same volume, page 363, are considered together.

It also seems to us to be in conflict with the statute, which gives to "any party to a final judgment" the right of appeal, upon his executing the prescribed bond payable to the appellee—which term properly includes only parties adversely interested. R. S., arts. 1638, 1639.

If there were other objections to the appeal in this case from the Justice to the County Court, they were not made the ground of the motion to dismiss, and, after the case had been continued by agreement at the term of the County Court preceding the dismissal, were probably waived. Cason v. Laney, 82 Texas, 318; Cason v. Conner, 83 Texas, 28.

Because the County Court erred in dismissing the appeal from the Justice Court of Alice O. Martin, on the ground that it was prosecuted by her alone, without including her co-defendant, W. G. Martin, in the appeal bond (his signature, however, appearing as one of the three sureties), the judgment is reversed and the cause remanded for trial.

*Reversed and remanded.*

Delivered Dec. 7, 1895.