### JOEL WOOD ET AL. v. PATRICK CAHILL.

Decided March 4, 1899.

**1. Trespass to Try Title—Plea of Improvements After Reversal.**

A defendant's plea of improvements in good faith should not be stricken out because not filed until after a judgment for plaintiff had been affirmed so far as it established his title, and as to the pleas of improvements in good faith, filed by the other defendants, the cause had been remanded for a new trial, where the plea in question relates to land which was sequestered by plaintiff after the judgment of the appellate court and before the new trial, but which the defendant claims is not covered by the original judgment, and the court tries on its merits the boundary contention.

**2. Same—Right to Improvements Outside the Statute.**

An equitable right to the value of improvements made in good faith on another's land exists outside the statutory provision for the assertion of such right by plea in trespass to try title.

**3. Same—Judgment Not Conclusive as to Boundaries, When.**

Although there may be no ambiguity or inconsistency apparent in the description of land in a muniment of title, it may be shown, upon the ground itself, that certain land is not embraced within such description; and the rule applies to a judgment for land in trespass to try title where, on the trial, there was no real issue of boundary.

**4. Appeal by Writ of Error—Parties.**

A defendant in a suit to recover land need not make his codefendants parties to a writ of error by which he seeks to have reviewed a judgment which does not at all affect them, but relates solely to a controversy between the plaintiff and himself.

ERROR from Dallas. Tried below before Hon. EDWARD GRAY.

*Jeff Word* and *Thompson & Thompson,* for plaintiff in error.

*Dickson & Moroney,* for defendants in error.

FINLEY, CHIEF JUSTICE.—In 1894 Patrick Cahill brought suit to recover 300 acres of land situated in Dallas County. C. H. Benson, Isaac Benson, R. N. Merritt, George Brown, T. K. Flowers, Joel Wood, and J. H. Baker, and their respective wives, were made parties defendant. The defendants Wood and Baker pleaded not guilty generally, and pleaded limitations to certain specifically described portions of the land. The other defendants pleaded not guilty, and set up claims for improvements made in good faith. On the trial Cahill recovered the land, and the defendants who claimed to have made improvements in good faith recovered therefor the sum of $4035. All the defendants except Joel Wood appealed, and he was made appellee. Cahill cross-assigned errors. On this

appeal the judgment of the lower court as to the issue of title to the land was affirmed. On the cross-assignments of error presented by Cahill the judgment was reversed on the issue of improvements in good faith and the cause was remanded for another trial on that issue between Cahill and the defendants, setting up claims for improvements, not including Wood and Baker, who made no such claim. See 37 S. W. Rep., 1088. Before the second trial Cahill sequestered the land and obtained possession under replevy bond. Prior to the second trial the defendants Wood and Baker separately filed amended pleadings and affirmatively claimed title to certain parcels of land therein described which they alleged had been seized and taken under the writ of sequestration, and which they charged was not a part of the land recovered by Cahill in the judgment previously rendered in that suit. They alternately claimed improvements made in good faith upon the land. On the second trial the court, on exceptions, struck out their pleas for improvements in good faith and instructed a verdict against them on the issue of title, based on the boundary contention. The trial on the issue of improvements made by other defendants was had and resulted in their recovery for improvements. From this judgment Cahill appealed, Wood and Baker not being made parties to the appeal, and the judgment of the trial court was affirmed by this court. See Cahill v. Benson, 19 Texas Civ. App., 30.

Wood and Baker sued out a writ of error from the judgment against them and in favor of Cahill, making Cahill the sole defendant in error. It is this error proceeding by Wood and Baker that is now before the court, and they seek to have the judgment as to them reviewed and reversed upon grounds manifested by their assignments of error.

Their claim that the lands to which they assert title are not embraced within the boundaries fixed by Cahill's judgment of recovery, and their claims set up for improvements in good faith, were the issues involved below, and are the issues to which the assignments of error presented to us have relation.

1. The first reason urged for a reversal of the judgment is the action of the court striking out the defendant's pleas for improvements in good faith. The court struck out these pleas upon the ground that they should have been urged before the issue of title was tried and settled, and that they came too late, after the affirmance of the judgment upon the issue of title, and the reversing and remanding the case upon the issue of improvements made by other defendants. This was assuming the very basis of the present controversy. The theory upon which the case is based is that the title to the particular land now in controversy was not settled and concluded by the judgment previously rendered, for the reason that the description contained in the judgment when actually applied to the land upon the ground does not embrace the land claimed by Wood and Baker. If this contention could be determined to have no foundation by the mere inspection of the judgment previously rendered in the case, then there would be no room for the contest and it should not have been entertained. The court, however, tried this issue upon the facts, and the pleas for im-

provements in good faith being prepared with reference to the particular conditions, and not being attacked as insufficient in their statement of the equities upon which the claims were based, they should have been determined upon their merits along with the contest over boundaries. Sartain v. Hamilton, 12 Texas, 219; Heirs of Gatlin v. Organ, 57 Texas, 11; McLaren v. Jones, 89 Texas, 131. It may be a sound contention, and we think it is, that the statutory plea of improvements in good faith provided for in case of trespass to try title must be presented and tried along with the issue of title to the land in order to obtain the benefits of such statutory remedy. Rev. Stats., arts. 5277-5285; Clever v. Seawell, 65 Fed. Rep., 373; Raymond v. Ross, 40 Ohio St., 343; Saunders v. Wilson, 19 Texas, 197. It is well to bear in mind, however, that the right to recover the value of improvements placed upon the land of another in good faith does not arise wholly upon our statute, above referred to, but exists under the principles of equity independent of such statute. Van Zandt v. Brantley, 16 Texas Civ. App., 420; Patrick v. Roach, 21 Texas, 251; Long v. Cude, 75 Texas, 227; Harrell v. Houston, 66 Texas, 280; Thouvenin v. Lea, 26 Texas, 612; Story Eq. Jur., sec. 1237.

2. The next contention is that the court erred in instructing a verdict against the plaintiffs in error, Wood and Baker, upon issue of title, based on the boundary contention. Upon this issue the court instructed the jury: "The agreement of the parties, read in evidence, shows that the land now herein claimed by the defendants Joel Wood and J. H. Baker, respectively, are parts of the land heretofore in this case recovered by plaintiff. You are therefore instructed to find for plaintiff against said Joel Wood and wife and J. H. Baker and wife." The court also excluded evidence offered to show that the land here in controversy was not embraced in the land described in Cahill's petition and the judgment of recovery, and evidence in support of their claim of title, upon the sole ground that the agreement referred to in the charge placed the land in dispute within the boundaries set forth in said judgment. If such be the true effect of the agreement, then the action of the court was correct. The agreement referred to is as follows:

"It is hereby agreed by and between the said parties to said cause,

"(1) That the attached map, marked 'Exhibit A,' is a correct map of the land in controversy in this cause as herein otherwise stated, and correctly shows the general location and extent of the cleared lands, and uncleared lands, and the location of the buildings. The creek is not correctly delineated on said map, and the parties reserve the right to show that there is error in the statements as to when the different tracts were cleared, and the original character of such tracts, and in the location of fence lines and timber lines, the areas being as stated on said map.

"(2) That the statements of said map, and the letter of O. F. Yarbrough to Dickson & Moroney in reference to the same, dated January 27, 1897, may be read as the deposition of Yarbrough, who surveyed said land in January, 1897, but who is now absent from Dallas County; sub-

ject to any objections to questions and answers that might be made to a legal and formal deposition.

"(3)  That the fence lately erected by Patrick Cahill and called for in the pleadings of Joel Wood and J. H. Baker, is located on, or parallel to and immediately southwest of, a line running substantially parallel with the southwest line of the Hamilton survey in center of road on said southwest line, and 1566⅔ varas northeast therefrom, making the southeast and northwest lines each substantially 1566⅔ varas long.  The defendants shall have the right to contradict any statement in the letter of O. F. Yarbrough to Dickson & Moroney as though the proper predicate had been laid therefor."

The map referred to in the above agreement shows a parallelogram; the four lines describing it are represented as the boundaries of the land now

held by Cahill, and the portions of the land claimed by Wood and Baker are indicated thereon. The northeast line, it is agreed, marks the location of Cahill's fence, which is agreed to be 1566⅔ varas from the southwest line, making the southeast and northwest lines each 1566⅔ varas long. The land claimed by Wood and Baker is described by them in their pleadings as lying southwest of the Cahill fence. The above is a substantial copy of the map.

The description of the land recovered by Cahill, and contained in his pleadings and judgment obtained, is as follows: "Three hundred acres of land in the south corner of the James M. Hamilton survey, in Dallas County, about 18 miles N. 45 degrees E. from the city of Dallas. Beginning at the south corner of said survey a stake in prairie, and being the center of the intersection of two roads. Thence N. 45 degrees E. along the original southeast line of said Hamilton survey and with the center line of one of said roads 1566⅔ varas, corner, being a point where the northeast boundary line of a survey made from said Hamilton survey for Adam Sullivan as his locative interest, intersects said southeast line of said Hamilton survey; thence N. 45 degrees W. parallel with the southwest boundary line of said Hamilton survey, and being along the northeast line of said Adam Sullivan subdivision of said Hamilton survey, 1081½ varas to corner in fence on northwest boundary line of said 300 acres tract; thence S. 45 degrees west parallel with said southeast boundary line of said Hamilton survey, and running with said fence line 1566⅔ varas to corner on the center line of road, being in the southwest boundary line of said Hamilton survey; thence S. 45 degrees east along center line of said road and being along the original southwest line of said Hamilton survey to the place of beginning, containing 300 acres of land; the above being a correct description according to existing monuments of said 300 acres of land."

The court assumed that the judgment fixed the length of the southeast and northwest lines at 1566⅔ varas, and as the beginning point was fixed and unquestioned, the admissions of the defendants that Cahill's fence ran parallel with the southwest line of the Hamilton survey, in center of road, at a distance of 1566⅔ varas therefrom, and that the land claimed by them lay southwest of Cahill's fence, conclusively showed that the title to the land was settled by the former judgment. In other words, the court gave controlling effect to the calls for course and distance, and as these, under the agreement, embraced the lands in controversy, peremptory instruction was given for the plaintiff. Assuming the first call for beginning point to be fixed and certain, must the southeast and northwest lines described be extended 1566⅔ varas, independent of the description of the termini of these lines? The language of description is, "thence N. 45 degrees E. along the original southeast line of said Hamilton survey and with the center line of one of said roads 1566⅔ varas, a corner, being a point where the northeast boundary line of a survey made from said Hamilton survey for Adam Sullivan as his locative interest intersects said southeast line of said Hamilton survey." It is contended by

Wood and Baker that the point of this intersection is to be reached at a much shorter distance, namely, 1190 4-10 varas, and this they offered evidence to establish, which was rejected. It is contended by Cahill that the judgment established the point of intersection at the distance of 1566⅔ varas from the beginning point. The next call is for a line running N. 45 degrees W. "along the northeast line of the said Adam Sullivan subdivision of said Hamilton survey, 1081½ varas to corner in fence of northwest boundary line of said 300-acre tract." This is the line which cuts into the land claimed by Wood and Baker. It is contended by them that there was no fence corner as called for, and that this point is in Gus McCullam's pasture, but they were denied the privilege of showing it. They offered other evidence tending to show that the objects called for in the description of the land contained in the judgment were not to be found as located in the calls by extending the southeast and northwest lines 1566⅔ varas, but it was all excluded.

Without going further into these details of description, it seems sufficient to say that the defendants Wood and Baker offered to prove that the description contained in the judgment when actually applied to the land as it lay did not embrace the land in controversy, and this the court refused, because they had admitted that the land lay southwest of a line 1566⅔ varas northeast of the southwest boundary line of the Hamilton survey. It is quite too clear for argument that although there may be no ambiguity or inconsistency apparent in the description of land in a muniment of title, it may be shown, by actual application of the description to the land upon the ground itself, that certain land is not embraced within such description. We do not understand that this proposition is questioned; neither is it supposed that the trial judge entertained a different view. His action seems to have been based upon the idea that the judgment conclusively fixed the northeast and southwest lines as parallel and 1566⅔ varas apart, and the defendants having admitted that the land claimed by them lay southwest of such northeast line, they should not be heard to prove that the northeast line lay only 1190 4-10 varas from the southwest line. Did the judgment conclude this matter? We can not say as a matter of law that the calls for distance in the judgment must prevail over other descriptive calls for the termini of the lines. Maddox v. Fenner, 79 Texas, 279. And we do not regard this as the contention made. The position assumed in support of the judgment is, that Cahill in bringing his suit described the land by existing monuments, disregarding the objects originally called for in the old muniments of title, such as bearing trees, etc., which had disappeared from the ground, or become incapable of identification, and thereby gave notice of the actual land which he claimed. That the defendants, Wood and Baker, pleaded not guilty generally, raised no question of boundary lines, and thereby admitted possession of the land claimed. That such description is definite and certain whereby the land can be located upon the ground, and therefore the issue of boundaries is concluded and forever settled by the judgment rendered in the case. We take judicial notice of the records in

this case on former appeals. Warren v. Fredricks, 83 Texas, 390; Butler v. Easton, 141 U. S., 240. On the first appeal, it was urged by Cahill's counsel that the tracts of land claimed by Wood and Baker were not embraced in the tract sued for by him. It was shown that Cahill claimed the subdivision of the Hamilton survey partitioned off as Adam Sullivan's locative interest, while it was contended Wood and Baker's claims were to another portion of said Hamilton survey set apart to the Hamilton heirs, under whom they claimed title. Wood and Baker pleaded limitations and made proof sufficient to sustain their pleas; but the trial court did not submit their decision to the jury, and in reviewing this action this court held that the trial court did not err, as it was shown that the land claimed by them was not covered by the description of the land contained in Cahill's petition, which was carried into the judgment. 37 S. W. Rep., 1088. It was only after the affirmance of the judgment as to title, when Cahill sequestered the land and took possession of it, that he seems himself to have realized that he claimed title to the land of which Wood and Baker had held adverse possession for many years. In view of the fact that no real dispute as to boundary arose upon the former trial, and of the contention of Cahill upon the former appeal, as above indicated, and the holding of this court upon that issue, we think the conclusion must follow that the issue of boundary as now involved was not determined in the first trial, and therefore is not concluded by the judgment formerly rendered upon the issue of title, and affirmed by this court.

3. The motion to dismiss the writ of error because other codefendants are not made parties, which was submitted with the case upon its merits, is not well taken. None of such codefendants are adversely interested to Wood and Baker in this controversy. It rests entirely between Cahill and Wood and Baker. The motion to dismiss is overruled.

For the errors pointed out, the judgment must be reversed and the cause remanded for a trial upon the merits.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.