DISHMAN et al. v. FROST.

(Court of Civil Appeals of Texas. San Antonio.
Oct. 18, 1911. On Motion for Rehearing,
Nov. 8, 1911.)

1. APPEAL AND ERROR (§ 169*) — REVIEW —
SCOPE.
There being no statement of facts in the
record, and defendants not having been repre-
sented at the trial, they cannot complain on ap-
peal, except for fundamental error.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1018–1034; Dec. Dig. §
169.*]

2. VENDOR AND · PURCHASER (§ 267*) — CON-
TRACTS—BREACH BY PURCHASER—VENDOR'S
REMEDY.
Purchasers of land having broken a prom-
ise, made under a supplemental agreement, to
execute a note in consideration of the vendor's
release of the lien to enable the purchasers to
secure a loan, the vendor is entitled to treat
such agreement as rescinded, and to assert a
lien for the amount of such note as against
the purchasers.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 751–758; Dec. Dig. §
267.*]

3. PLEADING (§ 406*)—WAIVER OF OBJECTIONS
—MISJOINDER.
Misjoinder of causes of action on separate
contracts is waived by failure to plead it.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 1355–1359; Dec. Dig. § 406.*]

4. VENDOR AND PURCHASER (§ 280*) — VEN-
DOR'S LIEN—FORECLOSURE—PLEADING—SUF-
FICIENCY.
The petition, in a suit to foreclose a ven-
dor's lien on two separate tracts under distinct
contracts with J. and A. and A., respectively,
is insufficient to sustain judgment foreclosing
on both tracts, if it does not show how pay-
ments made on the original indebtedness were
applied, or that the sum claimed was to be a
lien on both tracts.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Dec. Dig. § 280.*]

Error from District Court, Ft. Bend Coun-
ty; Wells Thompson, Judge.

Action by J. M. Frost against J. D. Dish-
man and another. Judgment for plaintiff,
and defendants bring error. Reformed and
affirmed.

Taliaferro & Barry and L. M. Ballowe,
for plaintiffs in error. Russell & Peareson,
for defendant in error.

JAMES, C. J. The amended petition of
J. M. Frost alleged: That on December 22,
1906, he conveyed to J. D. and A. E. Dish-
man a tract of 254 acres, more or less, for
which they executed to him their four ven-
dor's lien notes, each for $1,467, with 8 per
cent. interest; the first maturing December
1, 1907, the second December 1, 1908, and so
on. That on same day he conveyed to A. E.
Dishman a tract of 75 acres, for which the

latter executed four vendor's lien notes of
$468.75 each, with 8 per cent. interest; the
first maturing December 1, 1908, the second
December 1, 1909, and so on. That there-
after defendants wished to change the terms
of payment for said land, and get H. P.
Drought & Co. to take up the indebtedness.
Drought & Co. would not loan more than
$5,000 on the land, and at the special in-
stance and request of defendants, and for
and in consideration of their promise and
agreement to plaintiff, and for their benefit
and assistance, plaintiff agreed and did in-
dorse as a credit on said notes the sum of
$736.28, being the excess over $5,000, thus
reducing the amount of the said notes to
$5,000, and indorsed the notes to Drought &
Co., and released the vendor's lien and deed
of trust securing the same, which he held.
That said release was for the benefit of
Drought & Co., and because thereof Drought
& Co. did make other and different terms
of payment of said indebtedness valuable to
defendants, and said Drought & .Co. paid to
plaintiff the sum of $5,000. That, to induce
plaintiff to agree to said arrangement, and
to evidence their indebtedness to him of
said sum of $736.28, defendants agreed to
execute to plaintiff their promissory note for
said amount, but, though often requested,
have failed and refused to do so, or to pay
him the said sum, with interest from March
8, 1909. That plaintiff's lien has been lost,
so far as Drought & Co. are concerned;
but because of defendants' failure to per-
form their contract to execute to him their
note, as aforesaid, his lien on said land to
the extent of said balance is still in force
and effect, so far as defendants are con-
cerned, and is past due and unpaid, and
plaintiff is the owner of the superior title to
said land. That, in order to consummate
said deal, and at the special instance of de-
fendants, plaintiff incurred the following ex-
penses: $10 for abstracts, $1.50 for ac-
knowledgment, and $6 for recording. The
prayer was that plaintiff recover of defend-
ants said sum of $17.50, with 6 per cent.
interest from March 8, 1909; that he re-
cover from defendants the title and pos-
session of said two tracts of land, or, if
that be denied, that they have judgment
against them for $736.28, with 8 per cent.
interest per annum from March 8, 1909, and
that the same be declared a lien on said two
tracts of land, and that same be foreclosed;
for costs and all necessary writs, etc. The
court rendered judgment against defendants
for the sum of $810.20, foreclosing a lien
therefor on both tracts of land.

It is not necessary to state defendants'
pleadings. The assignments of error deal
with one question only, which is, in sub-
stance, that the pleading of plaintiff does
not support or authorize the decree, foreclos-

ing a lien for the entire judgment against both tracts of land.

[1] There is no statement of facts. Defendants, in fact, were not present or represented at the trial, and are not in position to question the judgment, except for error that is fundamental in its nature.

[2] The averment that plaintiff released the lien, and was induced so to do by the promise of both defendants to execute him their note for $736.28, gave plaintiff the right, when defendants refused to give such note, to treat the new agreement as rescinded, and to assert against them whatever rights he originally had under his contracts with defendants in respect to said sum. This means that plaintiff was restored to his right to claim the $736 and the liens by which same was secured, so far as the defendants are concerned. Plaintiff having elected to take that course, and to treat the new contract as rescinded he could recover on the original contracts as they stood.

[3] Upon the original contracts, which were separate transactions in every respect, plaintiff could not properly have joined both matters, but there were no pleadings asserting a misjoinder. Under the original contracts, plaintiff had a separate cause of action against each defendant, and a separate claim for lien on the respective tracts for what was unpaid thereon; but the failure to plead misjoinder disposes of any question of this kind.

[4] The petition upon which the judgment is based is clearly insufficient to support the judgment, foreclosing a lien on both tracts for the entire debt claimed, and if this is true the foreclosure constitutes fundamental error.

What are the allegations? Plaintiff alleged that he had originally a lien on one tract to secure $5,868 of notes of both defendants, and that he had originally a lien on the other tract to secure $1,875 of notes of one of the defendants only (A. E. Dishman); this tract having been sold and conveyed to him alone. He alleges that at the time of the Drought transaction the aggregate of the indebtedness for both tracts was reduced to $5,736.28, thus disclosing that payments had been made on the aggregate original indebtedness, whether on one set of notes, or on the other, or on both not being alleged. Nor is there any allegation that defendants agreed that this balance of $736.28 was to be a lien on both tracts. Nor is there any allegation as a fact that said sum of $736.28 was a lien on both tracts. It is evident that the petition left it uncertain and undeterminable therefrom how much of the $5,736.28 was applicable to the debt upon the larger tract, and how much upon the smaller one; and it left equally uncertain and undeterminable therefrom how much of the $736.28 ap-

plied to one tract, and how much to the other. Plaintiff stated no facts whatever which would warrant the $736.28 to be foreclosed generally upon both tracts. If said sum was a lien upon one of the tracts, it was not a lien upon the other; and if each tract was subject to a lien for part of the sum, a foreclosure upon each should have been decreed accordingly. The pleading was entirely destitute of averments of fact which would authorize the foreclosure in the manner decreed in the judgment. The contracts were separate and distinct; there was no privity of debt nor of ownership. Each purchaser was entitled to a separate decree of foreclosure, giving him the right to redeem, and the decree rendered was not warranted by the pleadings.

The judgment is therefore reversed, and the cause remanded.

### On Motion for Rehearing.

In this motion appellee offers to waive any judgment foreclosing lien on the lands, and asks that the judgment be otherwise affirmed; appellee to pay the costs of the appeal. Appellant has assigned no error, except as to the lien. Accordingly the judgment will be reformed, so as to refuse a foreclosure of lien, and otherwise affirmed.