### WALKER v. HARDIN.

(Court of Civil Appeals of Texas. Amarillo. Dec. 16, 1911.)

1. APPEAL AND ERROR (§ 807*)—REINSTATEMENT AFTER DISMISSAL.

Dismissal of a writ of error on defendant in error's motion for want of prosecution is properly set aside for disposition of the cause on the merits where it appears that, on account of plaintiff in error's insolvency, defendant in error would otherwise lose the security afforded by a supersedeas bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3177–3188; Dec. Dig. § 807.*]

2. APPEAL AND ERROR (§ 753*)—ASSIGNMENTS OF ERROR—EFFECT OF ABSENCE.

In the absence from the record of assignments of error required by Sayles' Ann. Civ. St. 1897, arts. 1018, 1415, and Courts of Civil Appeals rules 22, 23 (67 S. W. xv), the Court of Appeals can only determine from the record whether the pleadings support the judgment and whether that court has acquired jurisdiction; affirmance following a determination of those questions in the affirmative.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. § 753.*]

Error from Collingsworth County Court; R. H. Cocke, Jr., Judge.

Action by A. H. Hardin against J. C. Walker. Judgment for plaintiff, and defendant brings error. Affirmed, and judgment rendered on supersedeas bond.

Lackey & Lackey, for plaintiff in error. Templeton & Templeton, for defendant in error.

GRAHAM, C. J. The record in this case shows: That on November 17, 1910, appellee sued appellant in the county court of Collingsworth county for the sum of $359.25, alleged to be due appellee by appellant for services rendered and materials furnished. That on December 8, 1910, appellant answered by general demurrer, special exception, a denial of indebtedness by appellant to appellee, and a cross-action. That on December 9, 1910, the cause was tried before a jury, which rendered a verdict in favor of appellee and against appellant for the sum of $200, on which judgment was rendered, and from which appellant has prosecuted by writ of error his appeal to this court. There is no statement of facts on file in the cause nor has appellant filed a brief herein.

[1] On December 8, 1911, appellee, having prior thereto filed in this court his motion, asking for a dismissal of the appeal and also for an affirmance of the cause on the record, the cause was ordered dismissed for want of prosecution of the appeal, and on the same day appellee's counsel filed in this court his motion to have the order of dismissal set aside, the appeal reinstated, and the cause disposed of on its merits, showing in said motion that supersedeas bond in error had been given in perfecting the appeal, that at the time the appeal was perfected appellant was solvent, but that he was now insolvent, and that to permit the dismissal of the appeal to stand would deprive appellee of the means of collecting his judgment, and thus permit appellant and his sureties on his supersedeas appeal bond to take advantage of their own wrong, and prayed that the cause be reinstated and considered on the merits of the record, and that the judgment of the trial court be affirmed, and also prayed for judgment in this court against appellant and his sureties on the supersedeas in error bond.

In the light of the facts set forth in said motion to reinstate the appeal, we have concluded that the equities of the case require that we set aside our former order dismissing the appeal, and that we reinstate the appeal and dispose of the case on the merits of the record, and it is so ordered.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[2] The record shows that appellant filed a motion for a new trial in the trial court, which was overruled, but it fails to show any assignment of error as required by articles 1018 and 1415, Sayles' Annotated Civil Statutes, and rules 22 and 23 for government of the Courts of Civil Appeals (67 S. W. xv). There being no brief on file for appellant, and no assignments of error in the record, as we view the law, we are at liberty only to ascertain from the record whether or not the pleadings are sufficient to support the judgment, and whether or not this court has acquired jurisdiction of the cause by a valid appeal. We have examined the entire record, and have reached the conclusion that the pleadings are amply sufficient to support the judgment rendered below, and that this court has jurisdiction of the case on appeal.

There being no errors pointed out in the record requiring a reversal of the judgment rendered below, it will be affirmed; and it appearing further from the record that this appeal was prosecuted by appellant J. C. Walker as principal, and C. B. Boverie and H. W. Holbert as his sureties, executing and filing a supersedeas appeal bond in this cause in the court below, which was duly approved by the clerk of that court on January 26, 1911, payable to A. H. Hardin, appellee, in the sum of $500, conditioned as required by law, judgment will be here rendered in favor of appellee A. H. Hardin and against J. C. Walker as principal and C. B. Boverie and H. W. Holbert as his sureties on said supersedeas appeal bond, as provided in article 1028, Sayles' Annotated Civil Statutes, for the sum of $200, with 6 per cent. interest thereon from December 9, 1910, and all costs of this appeal, as well as all the costs of the trial court, and it is so ordered. See Burck v. Borroughs, 64 Tex. 445, and Blair v. Sanborn, 82 Tex. 686, 18 S. W. 159.