McPHAUL et al. v. BYRD et al. (No. 728.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1915.)

1. APPEAL AND ERROR ⬤⟿327—PARTIES—ADVERSE INTEREST.

A codefendant, dismissed from the suit and not adversely interested to the plaintiff in error, need not be joined in the petition in error to review a judgment against the other defendants by default.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1795, 1814–1820, 1822–1835; Dec. Dig. ⬤⟿327.]

2. APPEAL AND ERROR ⬤⟿361—PETITION IN ERROR—MISDESCRIBING JUDGMENT.

A writ of error will not be disturbed because the petition misdescribes the judgment, where the only mistake is in the description block D–11 instead of block D–14; the other parts of the description conforming to the judgment and sufficiently identifying the land.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959; Dec. Dig. ⬤⟿361.]

3. APPEAL AND ERROR ⬤⟿797—MOTION TO DISMISS—NOTICE.

A motion to dismiss a writ of error because the petition in error misdescribes the judgment

is too late, where the motion is filed the day before the submission of the cause, and on the same day that briefs were filed, as a sufficient notice could not have been given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 47, 2775–2790, 3121–3136, 4383, 4384; Dec. Dig. ☞797.]

4. APPEAL AND ERROR ☞336—NONJOINDER OF PARTIES—NECESSITY OF OBJECTION.

When a party, adversely interested to plaintiff in error, is not joined in the petition, failure to file a motion to dismiss for that cause does not necessarily confer jurisdiction on the court, as the court may dismiss of its own motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1868–1876; Dec. Dig. ☞ 336.]

5. APPEAL AND ERROR ☞396—WRIT OF ERROR—NOTICE OF APPEAL.

Notice of appeal in the court below and a motion for a new trial therein is not required, where the case is brought up by petition and writ of error, in order to confer jurisdiction on the appellate court, as it is the petition, citation, and bond that give jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2099, 2102, 2104, 2150; Dec. Dig. ☞396.]

6. APPEAL AND ERROR ☞753—DISMISSAL—FAILURE TO FILE ASSIGNMENTS OF ERROR.

The failure to file assignments of error in the trial court will not require a dismissal of the writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. ☞ 753.]

7. APPEAL AND ERROR ☞719—ASSIGNMENTS OF ERROR—RECORD.

Assignments of error, not in the record, though in the brief, present nothing for review except fundamental error apparent of record; that is, whether the pleadings support the judgment and whether the appellate court has acquired jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

8. VENDOR AND PURCHASER ☞285 — FORECLOSURE OF LIEN—JUDGMENT.

Where a vendee has given lien notes on two parcels of land, and purchasers of the parcels have assumed the notes, a judgment foreclosing the lien against the two parcels jointly for the whole indebtedness is void under Rev. St. § 2000, declaring that a judgment foreclosing liens shall be on the property subject thereto.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. ☞285.]

9. APPEAL AND ERROR ☞719—FUNDAMENTAL ERROR—ASSIGNMENTS OF ERROR.

A judgment, in an action on vendor's lien notes violating Rev. St. § 2000, declaring a judgment foreclosing liens shall be on the property subject thereto, constitutes fundamental error, reviewable in absence of assignments of error in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

Error from District Court, Terry County; W. R. Spencer, Judge.

Suit by H. C. Byrd and others against L. W. McPhaul and others. From the judgment rendered, L. W. McPhaul brings error. Reversed.

Bean & Klett, of Lubbock, for plaintiff in error. Geo. W. Neill, of Brownfield, and W. F. Schenck, of Lubbock, for defendants in error.

HUFF, C. J. [1] The defendant in error H. C. Byrd moves to dismiss this appeal because the court has not jurisdiction of all the parties to the judgment. The suit was originally brought by Byrd against A. M. Ellis, L. W. McPhaul, A. E. McPhaul, and J. O. King, on three vendor's lien notes for $97.50 each, together with interest and attorney's fees. Note No. 4, given in part payment of section No. 22, block D–11, certificate No. 27, S. K. & K., 640 acres, and notes Nos. 3 and 4 in part payment of section 8, block D–14, certificate 217, grantee Chicago & Milwaukee Railway Company, 640 acres. It is alleged these notes are unpaid and are all remaining of the series unpaid. They were each given by Ellis February 15, 1909, to Byrd, in part payment of the purchase money due on the respective tracts of land above named. It is alleged and shown that Ellis, at the institution of the suit, was a nonresident and was served by notice as such; that J. O. King purchased section 8, block D–14, from Ellis, and assumed the payment of Nos. 3 and 4, above mentioned; that L. W. and A. E. McPhaul purchased from Ellis section 22, block D–11, and assumed payment of note No. 4 thereon. Judgment was taken by default against all the defendants except A. E. McPhaul, who was dismissed with his costs. The plaintiff, in his petition for writ of error, does not bring it against A. E. McPhaul, or join him in it. We have concluded that the proceedings do not show that A. E. McPhaul was adversely interested to the plaintiff in error, and under Weems v. Watson, 91 Tex. 35, 40 S. W. 722–724, the writ of error should not be dismissed on that ground. Wood v. Cahill, 21 Tex. Civ. App. 38, 50 S. W. 1071; McDonald v. Denton, 132 S. W. 823–827; Blackman v. Harry, 35 S. W. 290; Llewellyn v. Ellis, 102 Tex. 297, 116 S. W. 42; Slayton v. Horsey, 97 Tex. 341, 78 S. W. 919; Martin v. Lapowski, 11 Tex. Civ. App. 690, 33 S. W. 300.

[2] The defendant in error also moves to dismiss the writ of error because the petition for the writ of error misdescribes the judgment. The ground therefor is that it describes one part of the land upon which foreclosure was decreed as section 8 in block D–11, while the block number is described in the judgment as block D–14. The other section 22, block D–11, is properly described. The judgment is otherwise properly described, giving its date, amount for which rendered, the court in which rendered, the parties in the judgment, showing it was a decree of foreclosure, the section numbers of the land, the county where situated, the number of the suit and reference to the minute book of said court for the judgment. The petition

must describe the judgment with sufficient accuracy·to notify the defendant with reasonable certainty what judgment it is proposed to reverse. Cochrane v. Day, 27 Tex. 385. This, we think, the petition does in this case. It has been stated that an important description of the judgment is its date; and, where the date given on the appeal was a wrong one, it has been held by our Supreme Court that this will not dismiss the appeal if the judgment is otherwise properly described. Murphy v. Williams, 103 Tex. 155, 124 S. W. 900; So. Pac. Co. v. Stanley, 76 Tex. 418, 13 S. W. 480. Where the amount of the judgment is not correctly given, if properly described otherwise so as to properly identify the judgment appealed from, the case will not be dismissed. Railway Co. v. Sales, 31 S. W. 325; Burger v. Weatherby, 41 Tex. Civ. App. 462, 91 S. W. 250; Warren v. Marberry, 85 Tex. 193, 19 S. W. 994.

[3] The defendant in error, at the time of filing this motion, made an appearance by filing an unqualified brief in the case. It thereby appears the petition was sufficient to apprise him of what judgment was sought to be reversed. The order of setting the case for submission was made January 16, 1915, setting the case for February 13, 1915, and it was submitted on that day by brief of both parties. We now find the motion with the papers, filed the 12th day of February, the day before submission, and on the same day that defendant in error filed his brief. It is evident that no notice was given to plaintiff in error, such as required by the rules, and we find no waiver of notice. We think, on the ground to dismiss last above set out, that the motion to dismiss is too late. Ricker v. Collins, 81 Tex. 662, 17 S. W. 378; Talbert v. Barbour, 16 Tex. Civ. App. 63, 40 S. W. 187; Ferguson v. Beaumont, etc., 154 S. W. 303.

[4, 5] We do not wish to be understood as holding that where a party whose interest is adverse to the plaintiff in error, and who is not joined in the petition for the writ, a failure to file a motion to dismiss for that cause would confer jurisdiction on the appellate court, or that the court would not have the right and power to dismiss on its own motion. Notice of appeal in the court below and a motion for a new trial therein is not required, where the case is brought up by petition and writ of error, in order to confer jurisdiction on the appellate court. It is the petition, citation, and bond that gives the court jurisdiction. Notice of appeal is only required in a direct appeal from the judgment, the purpose of which appears to be of apprising the opposite party that an appeal will be taken. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945. The petition for writ of error and the bond answer that purpose in case of an appeal by writ of error, and confer jurisdiction on the appellate court. Vineyard v. McCombs, 100 Tex. 318, 99 S. W.

544; Buckler v. Turbeville, 17 Tex. Civ. App. 120, 43 S. W. 810.

[6] The failure to file assignments of error in the trial court will not require us to dismiss the appeal. The motion of defendant in error will be overruled.

[7] Upon the appeal by the plaintiff in error we find no assignments of error in the record. In plaintiff's brief he has presented an assignment of error, but this is not in the record. We cannot consider this assignment unless there is shown thereby fundamental error apparent of record. We can only determine from the record whether the pleading will support the judgment, and whether this court has acquired jurisdiction. Walker v. Hardin, 142 S. W. 640; Peacock v. Moore, 125 S. W. 943.

Byrd brought this suit against Ellis, King, and McPhaul on three vendor's lien notes for $97.50 each, together with interest and attorney's fees. In paragraph 1 he alleges that he sold to Ellis section 8, block D–14, on February 15, 1909, and in part payment Ellis executed four vendor's lien notes for $97.50 each, to secure which a vendor's lien was retained. In paragraph 2 he alleged on that day he sold to Ellis section 22, block D–11, retaining the vendor's lien to secure four notes for $97.50 each. In paragraph 3 he alleges the retention of the vendor's lien to secure the notes. In the fourth paragraph it is alleged Ellis and wife conveyed on the 2d day of November, 1910, section 8, block D–14, to J. O. King, in which King assumed the payment of notes 2, 3, and 4, and further alleged that he had reason to believe that King had conveyed section 8, block D–14, to L. W. and A. E. McPhaul, who assumed the payment of said note, and that they are· making some claim to the land. In the fifth paragraph it is alleged that December 10, 1910, Ellis conveyed to L. W. and A. E. McPhaul section 22, block D–11, who assumed the last three of the notes then due thereon. In the sixth paragraph it is alleged that Ellis became liable and promised to pay the three notes sued on, that King by his assumption was liable and promised to pay notes 3 and 4, on section 8, block D–14, and that by assumption L. W. and A. E. McPhaul, which he alleges he believed, had assumed said two notes and became liable to pay the said notes, and that the McPhauls were liable on their assumption in their purchase from Ellis for the notes on section 22, block D–11. It is alleged that Byrd was the legal and equitable owner of note 4 on section 22, block ˉD–11, and notes 3 and 4 on section 8, block D–14; that all the other notes in the series given for the land had been paid except the three notes above named. He prays for judgment on the notes, for interest and attorney's fees, and for foreclosure of the vendor's lien.

By the judgment A. E. McPhaul was dismissed, and judgment by default rendered in

favor of Byrd, against A. M. Ellis, J. O. King, and L. W. McPhaul, reciting therein that it appeared they were jointly and severally indebted to the plaintiff therein in the sum of $398.35, as evidenced by the notes, including interest and attorney's fees, which notes were given to secure the purchase money on the land—note 4 given on section 22, block D–11, and two notes Nos. 3 and 4, given in part payment of section 8, block D–14. It was ordered and decreed that Byrd have judgment against J. O. King and L. W. McPhaul (it was recited therein that Ellis was a nonresident) for the sum of $398.35, with 10 per cent. interest from date of the judgment. It was further decreed that the vendor's lien, as it existed on the 15th day of February, 1909, upon the land above mentioned be foreclosed. The clerk was ordered to issue an order of sale commanding the sheriff to seize and sell all the interest of Ellis, King, and McPhaul in the two tracts of land and apply the proceeds thereof to the payment of the $398.35, interest and costs of suit. If it sold for more than sufficient to pay the debt, to return the residue to L. W. McPhaul; if not sufficient, the officer was directed to make the balance as under execution, etc.

[8, 9] Clearly under the pleadings King was not liable for the indebtedness on both sections, but he is not complaining on this appeal. Under the pleadings McPhaul would be personally liable on his assumption of the indebtedness and alleged purchase of the two sections. There was no vendor's lien alleged on section 8, for note 4, part of the purchase money of section 22; and section 22 was not liable for notes 3 and 4, given for the purchase money of section 8. By the judgment, the court declared and established a vendor's lien on each section for the sum of the balance due on both sections. This was in violation of section 2000, R. C. S., which declares judgment foreclosing liens "shall be on the property subject thereto," directing an order of sale to seize and sell such property as under execution, and if the proceeds of such sale be insufficient to satisfy the judgment, then to make the money out of other property. The pleadings did not allege any such lien, and did not warrant a judgment so declaring a vendor's lien on the property. In other words, the court directed the officer to seize and sell section 8, for the amount due on section 22, before ascertaining whether the proceeds of the sale of section 22 would be sufficient to satisfy that indebtedness, and vice versa as to section 22. The Supreme Court, in discussing the above statute, has expressly held that the sale of property under an execution issued on a judgment of foreclosure, before a deficiency was ascertained by a sale of the property subject to the lien, was void. If an execution and sale thereunder would be void in such a case,

the judgment in violation of the statute cannot order the issuance of an order of sale and a sale thereunder. This clearly the judgment does in this case. Bailey v. Block, 104 Tex. 101, 134 S. W. 323. The original contracts were separate contracts, and in so far as King and McPhaul are concerned, their obligations were separate. There were separate liens against each tract of land. The petition upon which the judgment is based is insufficient to support a judgment foreclosing the lien on both tracts for the entire debt claimed. This being true, the foreclosure constitutes fundamental error. Dishman v. Frost, 140 S. W. 358. The above case is very similar in some of its features to this case. The judgment is against both King and McPhaul, and the court directed the issuance of an order of sale commanding the officer to seize and sell both tracts for the amount decreed. The article of the statute referred to by defendants in error would require the sale of the two tracts separate, so if the officer should proceed to sell section 22 first, if it brought more than the amount due on it under the contract lien alleged, it would be thereby made to pay part of an obligation not due against it, and so much thereof as was in excess of its part would be a void sale under Bailey v. Block, supra. The title of property sold under such a judgment ought not be so clouded. While it is not necessary to declare the judgment in this case void as to such an order and sale, yet the holding of the Supreme Court in the above case is strongly pursuasive that it is so. At least the judgment is against the statute, which prescribes the method of rendering and the form of such judgment.

The case will be reversed.