## L. B. RICHARDSON v. THE STATE.

### No. 3238. Decided February 15, 1905.

#### 1.—Obstructing Public Road—Former Acquittal.

Where the appellant failed to set out the facts in his bill with which he proposed to sustain his plea of former acquittal, and which he based on the allegation therein that the court had submitted only the first count of the

indictment on a former trial and thereby dismissed as to the second count; and the record of the former trial showed that both counts were submitted and a general verdict of guilty was rendered and afterwards reversed by this court, the trial court could look to such record and conclude against said plea and refuse to hear proof thereon, and may thus have ascertained that the plea was not true.

**2.—Same—Opinion of Witness—Evidence.**

Where witnesses stated the facts fully regarding the road alleged to have been obstructed, the rejection of the opinion of defendant's witness that the condition of the road was improved by the acts of the defendant operated no material harm; besides such opinion was a mere conclusion and inadmissible.

**3.—Same—Evidence.**

It was error to compel the defendant on cross-examination to testify as to the condition of the dam obstructing the road in question, as the question of inquiry was the injury to the road by the erection of an embankment by defendant at a previous date and not what was done afterwards.

**4.—Same—Requested Charge—Wilful Obstruction Necessary.**

Where the defendant was on trial for wilfully placing an embankment at the point of the road in question and thereby obstructing it, the court should have submitted defendant's requested charge that the same must have been wilfully done, and not simply to protect his land against the flow of water. The court should also have charged that "wilfully" meant, without reasonable ground to believe the act to be lawful.

**5.—Same—Requested Charge—Limitation.**

Where there was evidence by the defense that the embankment, which the defendant was charged to have placed on the public road, was erected some five or six years before, and evidence by the State that within two years before the indictment defendant had said embankment added to and repaired; the court should have submitted the requested charge on the law of limitation of two years.

Appeal from the County Court of Parker. Tried below before Hon. R. L. Stennis.

Appeal from a conviction of obstructing a public road; penalty, a fine of $10.

The evidence for the State was quite full that the ditches, dam and levees constructed by the defendant obstructed the road in question; that about two years ago he built the dam higher and larger in every way, so that before the water will run over the middle of the dam or ends it backs up, etc., which is not the natural water course, and it never did run there, until the defendant got the middle and ends of the dam higher than the point, * * * The water stands two feet deep in the road after a rain and from sixty to seventy yards wide along the road and extending across the lane and road, etc. People walking could not pass along the road, but would have to leave it and go through the wire fence into the field in order to get by. * * * When the water is caught there by the dam, the sand settles there in the road till now there is a heavy sand bed there in the road for about 100 yards. It is a hard pull through there with a load, etc. Before the dam was built it was a clay-bottomed road with a little sand and dried rapidly after a rain, etc.

Defendant controverted the size and the time of the erection of the obstruction, and among other things testified as follows:—"I dug that

ditch and built that dam or levee for the purpose of protecting my land and crops. I had no purpose or intention to injure or obstruct the road herein in question. I dug this ditch and erected this dam in good faith believing I had a right to do it to protect my land and crops, and not believing that it would injure or obstruct that road in the least. I had no earthly purpose in the world to injure or obstruct this road, and did not have the least idea that it would injure or obstruct it in any way. I did this in good faith, etc."

*Hood & Shadle,* for appellant.—Where the indictment contains more than one count, and the court, after the evidence is in, submits only one count to the jury, there is an election by which the State is bound, and on a subsequent trial the case must be submitted on the one count alone. Parks v. State, 9 Texas Ct. Rep., 821; Parks v. State, 29 Texas Crim. App., 597; Smith v. State, 34 Texas Crim. Rep., 123; Moore v. State, 37 Texas Crim. Rep., 552; Holt v. State, 39 Texas Crim. Rep., 282; 10 Ency. Plead. Prac., 553.

If the special plea had not been excepted to by the State, or motion made to strike out, it is the duty of the court to submit its truth or untruth as an issue to be tried by the jury, and it is error to neglect or refuse to do so. Grisham v. State, 19 Texas Crim. App., 504; Burks v. State, 24 Texas Crim. App., 326; Munch v. State, 25 Texas Crim. App., 30; Wright v. State, 27 Texas Crim. App., 447; Rudder v. State, 29 Texas Crim. App., 262; Cook v. State, 2 Texas Ct. Rep., 991; Const. of Texas, art. 1, sec. 14.

On question of refusing appellant's charges as to whether obstruction was wilful. See Art. 719 Code of Criminal Procedure, (White's); Also see: Sec. 842: Decisions as to above article; Sparks v. State, 23 Texas Crim. App., 447.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE,—Appellant was convicted of obstructing a public road, and his punishment assessed at a fine of $10; hence this appeal.

Appellant reserved a bill of exceptions to the action of the court as to his plea of former jeopardy. Without copying the entire plea, it shows substantially that he alleges he had been previously tried in said court on the same indictment, which contained two counts; and that the court submitted the case to the jury on the first count alone, which was, according to his contention, a dismissal of the second count, and put him in jeopardy on that count. This is shown at the end of the bill: "Defendant then and there requested the court to allow him to introduce testimony to substantiate the allegations in the above set forth special plea; and the defendant then and there further requested the court to submit the above set forth special plea to the jury, which requests were denied the defendant, and the defendant was not allowed to introduce

testimony to prove the allegations of said special plea, and was not permitted to introduce said special plea to the jury for the jury to pass upon; and the court thereupon overruled defendant's special plea of former acquittal, to which action and ruling of the court defendant excepted." If it be conceded that this action of the court was equivalent to striking out appellant's said special plea, we hold that, under the circumstances of this case, the court was authorized to do this. It will be noted that appellant says he offered testimony to substantiate the allegations of his special plea. What this character of proof was, is not stated. For ought we know the proof presented to the court may not have been competent for the purpose intended. Again, this question of former jeopardy could have been raised in this case without any formal plea, inasmuch as the matter set out occurred in the same court and in the same case at a former trial. In such case the court takes judicial cognizance of the proceedings and of what occurred. Robinson v. State, 21 Texas Crim. App., 160; Foster v. State, 25 Texas Crim. App., 543. By reference to the former proceedings in the case, the court may have ascertained that the plea was not true; that the record showed the contrary to the allegations of the plea. By a reference to the procedure in that case it will be seen that this was in fact the stated case. The court submitted the second count in the indictment in the former trial, and did not dismiss or eliminate it in the charge to the jury.

Appellant proposed to prove by witness Whitsett and several others that they were acquainted with the road in question, and the same was not injured but benefited by the digging of said ditch and the erection of said embankment. This was inadmissible on the ground, that the same was not the statement of any fact or facts by the witness, but was merely an opinion or conclusion of the witness. While in some cases this character of evidence may be admissible under the doctrine of shorthand rendering of the facts, we are not prepared to say that said witnesses under following stated facts were not authorized to give their opinions as to injury vel non. However, inasmuch as the same witnesses stated the facts fully regarding the said road, we do not believe the rejection of their opinions operated to the material injury of appellant.

Appellant also objected to being compelled to answer on his cross-examination by the State, as to the then condition of said dam, and he was required to testify over appellant's objection, that the dam is standing now just like it has been all the time. We do not believe it was a material question of inquiry as to whether or not said dam or embankment was still standing at the date of the trial. Appellant was tried for injuring the road by erecting the embankment at a previous date, and it was not a material matter of inquiry as to what was done afterwards. The erroneous admission of this testimony is emphasized by the conduct of State's counsel during the trial. During the argument he is shown to have read a clause from the indictment to the effect, that

the commissioners court had required appellant to remove said dam, and he had not done so. He is further shown to have characterized appellant as a "bull-headed man" for not having removed said dam. Appellant was not charged with a violation of law for failing to remove the dam, or for failing to obey the orders of the commissioners' court. Notwithstanding the court gave a charge to the jury on this subject, still we do not believe that under the circumstances it was calculated to entirely eradicate this course of conduct on the part of the prosecution. This was animadverted upon on the former appeal of the case (Richardson v. State, 79 S. W. Rep., 536) and the case was reversed for the admission of testimony bearing on the matter.

Appellant requested a number of special instructions, and among them are several to the effect, that notwithstanding the jury might believe appellant placed an embankment at the point of the road in question, and unless they further believe that he did so wilfully, that is, with evil intent, or with legal malice or without any reasonable grounds to believe the act or acts to be lawful, that they should acquit him. We believe, under the facts of this case, that some of the special requested instructions presenting this phase of the case should have been given. That is, it is shown that the alleged obstruction to the road was caused by appellant throwing up an embankment on his own land, and across a flat or drain, where the water in its natural flow was accustomed to cross said road, and that he did this for the purpose of protecting his own land against the flow of the water. The effect, as shown by the State's evidence was to dam up the water over and across said road, and so obstruct and injure the same. So that his motive appears directly to have been to protect himself or his own land from inundation. The facts in Schubert's case, 16 Texas Crim. App., 645, are somewhat similar to this case. The court there held that the charge of the court should have safeguarded appellant's rights as to a matter of this character; that is, the court says: "The act must be shown to have been wilfully committed, even in case of direct obstruction * * * a fortiori where the obstruction is consequential or indirect, and is occasioned by an act in itself legal, the State should establish beyond all question that the act was wilfully done, and with a view to such indirect or consequential effects." We do not understand the doctrine to be announced that although the act was done in itself legal, that the same could not be wilful; that is, with intent to injure or obstruct the road. A man may use his own so as not to abuse another's; and if appellant in protecting his land from overflow erected an embankment, knowing it would obstruct and injure the road, and with evil intent to that end, his act would be wilful. We would further remark in this connection that inasmuch as the court, evidently by oversight, committed an error in defining "wilfully" in the charge; that is, he told the jury that "wilfully" meant among other things, "without reasonable ground to believe the act to be unlawful" whereas it should have been "without

reasonable ground to believe the act to be lawful." One of the requested charges cured this error.

Appellant also requested a charge on the statute of limitations; that is, there was evidence showing the embankment was erected some five or six years before, but there was evidence on the part of the State showing that the dam was not effective to hold the water off of appellant's land; and that within two years before the indictment he had said dam added to and repaired, increasing its height. Of course, he could not be punished for building the original embankment, for that was barred by the statute of limitations. He could be punished for the repair or enlargement of the dam, creating or causing more injury or damage to the road than the original dam. Appellant's requested instruction on this subject confined the jury to any injury that may have occurred from an obstruction placed at the point in question within two years preceding the filing of the indictment. On another trial we believe an instruction should safeguard appellant's rights on this subject.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*