## W. J. LEE v. BRITISH-AMERICAN MORTGAGE COMPANY.

### Decided June 10, 1908.

**1.—Judgment—Pleading—Jurisdiction.**

Allegations in a bill of review to set aside a partition judgment entered in the trial court in pursuance of a decree by consent in the Court of Civil Appeals, held too meager and obscure to show want of jurisdiction over the complaining parties to render such consent decree, if intended for that purpose.

**2.—Same—Motion—Appearance.**

A motion filed in the trial court to set aside a judgment there ordering partition of land in pursuance of a consent decree rendered in the Court of Civil Appeals, on the ground that jurisdiction was still in the latter court at the time such partition judgment was rendered in the trial court, was an appearance by the parties making it, and they were bound by a judgment correcting the date of the entry of the partition judgment and showing that it was actually rendered after jurisdiction of the trial court had attached. A motion of their adversaries to so correct the date was a proper answer to their own motion by which they had appeared.

**3.—Parties—Husband and Wife—Bill of Review.**

A wife who has appeared in a cause seeking relief from a judgment by motion, and without joining her husband, cannot by bill of review, assert the invalidity of the proceedings because her husband was not made a party. At least she should negative the existence of circumstances authorizing her to so proceed without joining him.

**4.—Judgment—Demurrer—Appeal.**

On the reversal of a judgment for defendant on sustaining a demurrer to plaintiff's bill of review, which reversal is had on one only of the various allegations relied on, it seems that the other issues ruled against plaintiff below are settled, and further proceedings should relate only to a disposal of the issue held to be well pleaded.

**5.—Judgment—Disqualification of Court.**

An allegation that the judge trying the case was disqualified by interest in the property involved and by having been an attorney in the litigation affecting it, is sufficient to show the judgment to be void, not merely voidable; and a demurrer thereto was improperly sustained.

**6.—Writ of Error—Time.**

A petition for writ of error is in time when filed on the same day of the same month of the year following the rendition of the judgment.

**7.—Judgment—Disposition of Parties.**

A judgment for defendant in an action for the recovery of land sufficiently disposes of the issues as to parties interested only in recovery against a warrantor in case plaintiff recovers the land, though the judgment does not mention them.

Error from the District Court of Brown County. Tried below before Hon. John C. Randolph.

*Arch Grinnan,* for plaintiff in error.—The court had no authority, and cannot enter judgment on the cross motion in favor of the British & American Mortgage Company without service of it on plaintiffs and in the absence of their appearance. Harris v. Schlinke, 95 Texas, 88; Field v. O'Connor, 80 S. W., 872.

The judgment was shown to be void by reason of the disqualification of the judge. Casey v. Kinsey, 5 Texas Civ. App., 3; Nalle v. Austin, 21 S. W., 375.

*Harrison & Wayman,* for defendant in error.—It does not appear from the record in this case that plaintiffs in error filed their petition for writ of error in the trial court within twelve months after the rendition of the judgment of the court. The judgment of the trial court was rendered on the 21st day of June, A. D. 1906. The petition for writ of error and the bond of plaintiffs in error were filed in the trial court on June 21st, A. D. 1907. Rev. Stats., art. 1389; Cooper v. Yoakum, 91 Texas, 391; Carleton v. Ashworth, 91 Texas, 391; Luck v. Hopkins, 92 Texas, 426; Scheicher v. Runge, 90 Texas, 456.

This court has no jurisdiction to review this case because it appears that the judgment appealed from is not final in that said judgment wholly fails to dispose of the cross-actions and suits by defendants, S. L. McCrackin and T. N. Simmons, against this defendant in error,

filed and prosecuted in the trial court. Texas & P. Ry. Co. v. Ft. Worth St. Ry. Co., 75 Texas, 82; Riddle v. Bearden, 36 Texas Civ. App., 97; American Road-Mach. Co. v. City of Crockett, 49 S. W., 251; Jeter v. Gouhenour, 84 S. W., 1091, and cases cited; St. Louis, S. F. & T. Ry. Co. v. Smith, 99 S. W., 171.

The exceptions were properly sustained because the petition attacking the judgment contained no allegation showing any offer to do equity, and because said petition, taken as a whole, showed no right to have the judgment attacked, set aside or annulled. Owens v. Foley, 42 Texas Civ. App., 49.

The exceptions were properly sustained because the pleadings upon which it is attempted to set aside the judgment of the trial court failed to show any title in the parties seeking relief which will authorize them to complain of said judgment. Wren v. Peel, 69 Texas, 374; Petty v. Middleton, 82 Texas, 586.

The case has been before this court in one form or another in the following cases, to wit: Lee v. British & American Mortg. Co., 16 Texas Civ. App., 672; Lee v. British & American Mortg. Co., 25 Texas Civ. App., 481; Lee v. British & American Mortg. Co., 70 S. W., 775.

FISHER, Chief Justice.—This is a suit by W. J. Lee, Clara Pearl Cary and her husband, O. C. Cary, and Cumi Lee, against the defendants in error, the British-American Mortgage Company, Limited, and S. L. McCracken and T. N. Simmons, in the nature of a bill of review to set aside a judgment of the District Court of Brown County, purporting to have been rendered on May 22, 1901, and a judgment by the same court rendered January 11, 1902, correcting a mistake in the date of the entry of the first judgment named from May 22 to June 22, 1901.

The substantial grounds alleged, if true, are that the plaintiffs in error had no notice of the rendition of these judgments, and did not authorize the same, and that the trial judge who rendered the same was disqualified by reason of owning an interest in the property involved, and that he had acted as counsel in the case upon which these judgments were formerly based.

The trial court sustained demurrers to plaintiff's bill, and they declining to amend, the case was dismissed at their cost, from which judgment they have prosecuted this writ of error.

The judgments here attacked were merely formal, carrying into effect a consent decree by the Court of Civil Appeals, in cause No. 905, British-American Mortgage Company v. W. J. Lee, in March, 1901, which was by agreement of parties in this court subsequently corrected and amended. This judgment, in part, was an affirmance of the judgment of the trial court, and was in part reversed and rendered with instructions to the trial court. The parties to this judgment were defendant in error in this case, British-American Mortgage Co., and the plaintiff in error Lee herein, and the other plaintiffs in error Clara Pearl Lee and Emma Cumi Lee, who were named as interveners in that case. That judgment disposed of and settled the title and interest of each party to the land in controversy, and directed the trial court to partition same among the parties entitled thereto by virtue of the decree rendered by this court. From this judgment so rendered it is not made

to appear that a writ of error was prosecuted to the Supreme Court, nor was any complaint of that judgment made in this court by the interveners that they were not parties thereto or bound by the same, on the ground that they had no notice of the original suit and were not interveners therein. As to the plaintiff in error Lee being a party to that suit and the judgment therein rendered there can be no question. We do not understand that the plaintiff's bill of review seriously undertakes to attack this judgment; but, however, if such purpose is claimed, it consists merely in inferential averments, which are too meager and obscure to be considered in a case of this nature. It merely says that, as to the original case in the District Court, neither plaintiffs in error Cumi Lee or Clara Pearl Lee were served with citation of the third amended original petition filed in that case, and had no notice of the same, and they did not authorize any person to appear in said case after said petition was filed, and that O. C. Cary was never made a party to that suit. No facts are shown which demonstrate that the third amended petition, if one was so filed in the original case, was substantially different from the petitions that preceded it, and that they did not appear in the case as interveners prior to the time of filing this amendment, so as to subject themselves to the jurisdiction of the court, nor is it made to appear that they did not agree or consent, as interveners, to the judgment agreed upon by the parties and rendered by this court. Nor is it made to appear that facts did not exist that would dispense with the necessity of joining the husband, O. C. Cary, or that he did not consent to the agreed judgment rendered by the court in the original case.

As to the attack upon the judgments rendered by the District Court, carrying into effect the decree rendered by this court, it appears that, by virtue of the mandate issued by this court the trial court, on the 22d day of June, 1901, entered the judgment directed to be rendered, and appointed commissioners of partition, but by a mistake the judgment was entered as rendered on May 22, 1901. Thereafter, in July, 1901, the plaintiffs in error in this case filed a motion in the trial court to set aside the judgment rendered in that court upon the mandate from this court, on the ground that when rendered, in May, the Court of Civil Appeals still retained jurisdiction, and that the mandate had been prematurely issued. In reply to this motion the British-American Mortgage Company, among other things, stated in its answer that the entry of judgment as given, of May 22d, was a mistake, and that the actual date of entry and rendition was June 22, 1901, and prayed that such mistake be corrected by a judgment of the District Court to that effect. On January 11, 1902, the plaintiff's motion, with the answer of the British-American Mortgage Company, was heard in the District Court, and judgment was there rendered declaring the mistake, and correcting the same in the date of the entry of the judgment, and it was determined that the date of rendition in that court was June 22d, instead of May 22d, and proceeded to formally enter a decree, as instructed by this court, and appointed commissioners of partition. From this judgment the plaintiff W. J. Lee appealed, but there was no appeal by the other plaintiffs in error.

In determining that appeal this court held that the mandate was not prematurely issued, and that the trial court rendered the proper judg-

ment. 70 S. W., 775. The attack made by the plaintiffs in error in their bill upon this judgment is contained in the following averments: "That, after filing of their said motion, the said Clara Pearl Lee and Cumi Lee did not afterwards appear in this court to prosecute or try same; that they were never notified of the motion of the British-American Mortgage Company, or its answer in said cause, seeking to reform the minutes and orders and judgment of this court referred to in said last above described judgment. And they never in any way waived notice or service thereof; that at the time each and all of the aforesaid orders, decrees and judgments were rendered, the said Clara Pearl Lee was married to said O. C. Cary, and that he was not a party to said suit or motion in any way, and did not waive or have any legal notice thereof, and did not consent or agree to any of said decrees, orders or judgments aforesaid, and that said judgment was rendered and entered without their consent or knowledge, or the consent of W. J. Lee, and it was long after the adjournment of the term of the court in which said last mentioned judgment was rendered before Clara Pearl Cary and O. C. Cary and Cumi Lee learned of said judgment; that at the time said judgment was rendered, on June 22, 1901, and said last above described judgment was rendered, the judge who tried said case and rendered said judgment was, at the time of said trial and rendition of said judgment, interested, together with his father, in said case, and that they and each of them were claiming the 320-acre tract and the 160-acre tract of land involved in this suit, as will more fully show from the deed dated November 3, 1901, executed by John Murphy, Constable of Precinct No. 1, Brown County, Texas, to G. I. Goodwin and John W. Goodwin, recorded in Book 30, pp. 437, 438 and 439, deed records of Brown County, Texas, and that said judge had, prior to the rendition of said judgment, acted as counsel in this suit."

The plaintiffs in error were already in court by their motion to vacate the judgment supposed to have been rendered in May, and they subjected themselves to the jurisdiction of the court to determine the merits of any matter of defense that could be interposed by the Mortgage Company. The answer filed, alleging a mistake in the date of the rendition of the judgment and asking its correction, was a proper plea in defense to the relief sought by the plaintiffs, and as to such matters the plaintiffs in error were in court, and were not entitled to service or notice of such plea, in order for the court to proceed to its adjudication. The failure of O. C. Cary, the husband, to join, would not render the decree void, but merely voidable; and, when attacked by bill of review, the facts must appear which would establish the necessity of his being formally joined as a party, especially in a case like this, when the wife takes the initiative in seeking relief from the court. Here she proceeded voluntarily by motion to vacate a judgment, without the assistance of her husband or even making it known to the court that she was married. At this late day, when the issues raised in a case to which she was a party have long since been determined against her, she, by bill of review, complains of this judgment because her husband was not a party to the proceeding. She did not appeal from this judgment, but has resorted to the equitable remedy of bill of review to set it aside. Under such a state of facts as this, if the attack could be considered by bill, she should

have shown that circumstances did not exist that would authorize her to proceed without joinder of her husband. The pleadings in full relating to this matter are not set out in the bill of review, and, as far as we know, that question may have been passed upon by the trial court.

As all of the matters previously considered in this opinion present questions of attack upon the judgments on the ground that they are merely voidable, which, in view of the state of the pleadings, are without merit, the court as to these questions properly sustained the demurrers, and the case as to these matters will be regarded as closed and finally settled, for the reason that the plaintiffs declined to amend, and rested their case upon these averments, and suffered judgment to go against them after the demurrers were sustained and without amendment.

The averments with reference to the disqualification of the trial judge, on account of interest and on account of having formerly been counsel in the case, if true, renders void the judgments entered by him in June, 1901, and January, 1902. Although it does not appear from the record that any objection was urged to his disqualification at the time these judgments were entered, it is held to be a question that affects the jurisdiction and power of the court to act, and one which cannot be waived. City of Dallas v. Peacock, 89 Texas, 60-63. And for the error of the court in sustaining the demurrers to this much of the plaintiff's petition the judgment below will be reversed and the cause remanded. But, however, in this connection we desire to say that, while the right exists in the plaintiffs to have the judgment reversed for this reason, we are at a loss to see just what substantial right will result from it, for the rights of the parties to the subject of litigation, the land in controversy, were conclusively settled by the judgment rendered by this court, and the action of the trial court was merely perfunctory in spreading upon its minutes the decree rendered by us in connection with instructions from this court. But, however, that is a question we need not now determine, for if the trial judge is disqualified our decree will be carried into effect by a proper order and judgment entered hereafter by a judge presiding in the case who is not disqualified.

There is a request made by defendant in error that the petition for writ of error be dismissed on the ground that it is not filed within the time required. This motion is overruled.

It is also requested that the appeal be dismissed because the judgment is not final in failing to dispose of the interest of the defendants in error, McCracken and Simmons. It appears from the pleadings that their interest was merely an action against the British-American Mortgage Company on a warranty contained in a deed from the Mortgage Company to them. Their cause of action was conditional only in the event the plaintiff should succeed in recovering title to the land in question from the Mortgage Company. The judgment complained of in the trial court being in favor of the Mortgage Company, it was a practical disposition in favor of McCracken and Simmons.

For the reasons pointed out on account of the disqualification of the trial judge, the judgment below is reversed and the cause remanded.

*Reversed and remanded.*

Petition for writ of error dismissed for want of jurisdiction.