LEE et al. v. BRITISH & AMERICAN MORTGAGE CO. (No. 5792.)

(Court of Civil Appeals of Texas. Austin. Oct. 10, 1917. Rehearing Denied Jan. 23, 1918.)

1. JUDGES ⬤═42—DISQUALIFICATION—INTEREST IN LAND INVOLVED.

Where land sold under execution to satisfy a judgment in favor of the purchasers had prior to the sale been incumbered by a trust deed containing a power of sale, and thereafter, in compliance with the deed of trust, the trustee sold all the right and title of the judgment debtor, the execution purchasers thereafter had no interest in the land, and one of them who subsequently was elected district judge was not disqualified in an action involving such land.

2. APPEAL AND ERROR ⬤═837(2) — REVIEW — MATTERS CONSIDERED—OTHER CASES.

On appeal in an action to vacate a judgment the records of the Court of Civil Appeals on appeals in the former case may be looked to and considered in disposing of the appeal.

Error from District Court, Brown County; Jno. D. Robinson, Judge.

Suit by W. J. Lee and others against the British & American Mortgage Company. From a judgment for defendant, plaintiffs bring error. Affirmed.

E. B. Hendricks, of Austin, for plaintiffs in error. Harrison & Miller, of Brownwood, for defendant in error.

KEY, C. J. The plaintiffs in error brought this suit in the district court of Brown county, seeking to set aside a certain judgment and decree rendered by the same court in favor of the British & American Mortgage Company, and against the plaintiffs in error, involving title to two tracts of land; and the plaintiffs in error also sued for title and possession of the land. The mortgage company and S. L. McCracken and T. L. Simmons, who held under that company, were made defendants. The case was tried by Judge John D. Robinson, and judgment was rendered for the defendants.

The case has been in this court before, and was reversed because the trial court sustained an exception to the plaintiffs' petition and dismissed the same. Lee v. British-American Mortgage Co., 51 Tex. Civ. App. 272, 115 S. W. 320. The nature of the case is fully disclosed by the opinion of Chief Justice Fisher in the report referred to.

This court sustained several objections urged against the plaintiffs' bill or petition, but held that the trial court committed error in dismissing the case, because of the allegations to the effect that Judge John W. Goodwin, who made the orders in 1901 and 1902, which effectuated a partition of the land, was disqualified, because of the fact that he had been employed as counsel in the case, and was interested in and asserting title to the subject-matter of the litigation. We there held that, if the facts were as alleged, the orders made by Judge Goodwin were void.

[1] At the last trial the case was submitted to a jury upon two special issues, and in response thereto the jury found: First, that at the time Judge Goodwin made the orders referred to he was not interested in and was not claiming the lands in controversy; and, second, that he was not at that time, nor prior thereto, counsel in the case. In this court the charge that Judge Goodwin had been counsel in the case seems to have been abandoned, and the only question presented for decision is presented by one assignment of error, which charges that the verdict and judgment are contrary to the law and the evidence, because the undisputed evidence shows that at the time the judgment was rendered and orders made by Judge Goodwin he owned an interest in the land derived through a purchase at constable's

---

sale, at which sale he and his father became the purchasers. The proof shows that Judge Goodwin was first elected district judge in 1900. On the 3d day of November, 1891, W. J. Lee's interest and title in the land in controversy was sold under execution by a constable to satisfy a judgment in favor of Judge Goodwin and his father, and they became the purchasers at that sale.

The records in this and the original case, as disclosed by this and other appeals, show that long prior to any right or title which Judge Goodwin and his father may have acquired to the land the same was incumbered by a trust deed executed February 11, 1890, by W. J. Lee, that the trust deed contained a power of sale, and that in compliance with that instrument, on the 22d day of May, 1899, the trustee sold all the right and title which W. J. Lee had to the land. Thus it will be seen that all the right and title which Judge Goodwin and his father acquired through the constable's deed was W. J. Lee's equity or right of redemption, and as that had theretofore been foreclosed and extinguished by the trustee's sale under which the mortgage company acquired the land, neither Judge Goodwin nor his father owned any interest therein at the time he made the orders complained of. Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147.

In the case above cited our Supreme Court said:

"The contention of plaintiff's counsel to the effect that 'the right of redemption of a junior lien holder is not cut off by a procedure to which the junior lien holder is not a party' is not sound, as we think, and not supported by authority or reason. The rule is thus tersely stated in Jones on Mortgages, par. 1897: 'The purchaser [under foreclosure proceeding by sale under the power given in the mortgage] takes the mortgagor's title divested of all incumbrances made since the creation of the power.' And again, in the same section: 'A sale regularly exercised under a power is equivalent to strict foreclosure by a court of equity properly pursued.'

"It was held in Aiken v. Bridgeford & Co., 84 Ala. 295, 4 South. 266, and in Childress v. Monette, 54 Ala. 317, that: 'When a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemption by a privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular subpoena in an ordinary foreclosure suit.' "

[2] This being a bill of review in which it is sought to reopen a case that has already been tried and disposed of, the records of this court embracing appeals in the former case may be looked to and considered in disposing of this appeal. Warren v. Frederichs, 83 Tex. 380, 18 S. W. 750; Wood v. Cahill, 21 Tex. Civ. App. 38, 50 S. W. 1071; Edgar v. McDonald, 106 S. W. 1135; Richardson v. State, 47 Tex. Cr. R. 592, 85 S. W. 282.

The sole assignment upon which this case is submitted in this court does not charge that Judge Goodwin, or his father, are now,

or were at the time the orders complained of were made, asserting any claim to any of the land, and the uncontroverted testimony shows the contrary.

No error has been shown, and the judgment is affirmed.

Affirmed.

JENKINS, J., did not participate in the decision of this case.