**CONNELLEE et al. v. WITTY. (No. 10440.)**

(Court of Civil· Appeals of Texas. Fort Worth. Nov. 11, 1922. Rehearing Denied Dec. 16, 1922.)

**1. Evidence ☞43(1)—Court may judicially notice files of receivership proceedings before issuing injunction relating to receivership property.**

In a proceeding for an injunction to restrain the execution of an order of sale and writ of execution against the property claimed by a receiver, the·trial court may judicially notice the files and orders in the receivership proceedings which it has before it, and the same, being copied into the transcript, may be examined by the appellate court.

**2. Receivers ☞67—Not entitled to property not mentioned in petition.**

A receiver does not acquire rights over any property not mentioned in the petition for his appointment.

**3. Judgment ☞18(1)—Cannot be entered unless based on a pleading.**

A court is without jurisdiction to render a judgment against one party in favor of another without a pleading filed as a basis in favor of such party with due process served upon the adverse party.

Appeal from Young County Court; W. H. Reeves, Judge.

Petition by E. B. Witty, receiver of the property, assets, and estate of R. A. Fain, for an injunction against Mrs. Tina Smith Connellee and others. From an order granting the injunction, respondents appeal. Order set aside, and writ annulled.

James & Conner, of Fort Worth, for appellants.

John L. Poulter, of Fort Worth, for appellee.

CONNER, C. J. This appeal is from an order of Hon. W. H. Reeves, county judge of Young county, granting a petition for a temporary injunction. The petition for injunction was presented by E. B. Witty, alleging that on September 8, 1921, he had been duly appointed receiver by said court of the property, assets, and estate of R. A. Fain, and that he had duly qualified as such by giving bond and taking the oath as required by the order of appointment; that upon such qualification he immediately took over the property, assets, and estate of R. A. Fain, "including lot 143, Dissel Tract addition, block ——, in the city of Fort Worth, Tarrant county, Tex.," as would more-fully appear from an inventory of said estate filed in said cause and court, and that said receivership was in full force and effect.

It was further alleged that on the 4th day of May, 1922, in a certain suit by Mrs. Tina Smith Connellee against R. A. Fain et ux.

pending in the Forty-Eighth district court of Tarrant county, the plaintiff therein, without·making the receiver a party to the suit, and in infringement upon the jurisdiction of the county court of Young county, took a judgment foreclosing a certain vendor's lien on said lot. It was further alleged that the judgment was void for the reason that the receiver had not been made a party to the suit, and for the further reason that the said property was at said time in custodia legis, and the plaintiff had not filed her claim nor asked for an order directing the receiver to sell said property and pay off said debts and lien against said property.

It was further alleged that the said Tina Smith Connellee and her husband, T. W. Connellee, who was made a party pro forma in the petition for injunction, had an order of sale and writ of restitution issued against R. A. Fain and against said property, and placed the same in the hands of Carl Smith, sheriff of Tarrant county, Tex., directing him to sell said property, and·by the writ of restitution dispossess the receiver and R. A. Fain of the possession of the same and place the said Tina Smith Connellee in possession thereof. It was averred that said order of sale and writ of restitution was void because issued on a void judgment to which the receiver was not a party; that the receiver had an opportunity to sell said property for about $2,000, which is about $700 more than is against the property, and which $700 could be used for the benefit of said other creditors of F. A. Fain.

Petitioner therefore prayed for a temporary restraining order enjoining Tina Smith Connellee and her husband and Carl Smith, as sheriff, from executing said writ.

On the same day that the petition was presented, to wit, October 13, 1922, Hon. W. H. Reeves, county judge of Young county, indorsed upon the petition the following order:

"The court having heard the above motion, and it appearing that the same is well founded and will not suffer delay, it is ordered by the court that the restraining order be granted as prayed for, and that the said Mrs. Tina Smith Connellee, T. W. Connellee, and Sheriff Carl Smith, of Tarrant·county, Tex., be restrained from executing the order of sale and writ of restitution on the property described in this motion until the further orders of this court."

The receivership proceedings are based upon the following petition, to wit:

"The State of Texas, County of Young.

"O. A. McBrayer et al., Plaintiffs, v. R. A. Fain, Defendant.

"In the County Court, October Term, 1921, Young County, Texas. No. 909.

"To the Honorable Judge Reeves:

"Now comes O. A. McBrayer; G. W. Uttz, and L. L. Russell, all of Young county, Tex.,

hereinafter styled plaintiffs, complaining of R. A. Fain, of Young county, Tex., hereinafter styled defendant, and for cause of action plaintiffs represent to the court as follows:

"(1) That defendant is indebted to these plaintiffs as follows: O. A. McBrayer, $500; G. W. Uttz, $100; and L. L. Russell, $50—aggregating the total sum of $650, and that said indebtedness was due and payable to these plaintiffs upon the 1st day of August, 1921, and demand for payment was duly made, and defendant failed and refused to pay the same or any part thereof to the injury and damage of these plaintiffs in the sum above stated.

"(2) Plaintiffs further represent that defendant is the proprietor and owner of the South Bend Garage, and the property of defendant is in danger of being removed or sold and disposed of to the injury and damage of these plaintiffs.

"Plaintiffs further show to the court that they believe that the defendant is about to become insolvent, and that such insolvency would prevent defendant from liquidating his indebtedness in the usual and ordinary course of business, and that these plaintiffs would lose their debt entirely.

"(3) Plaintiffs further show the court that it is necessary and imperative that a receiver be appointed to take charge of the property and assets of the defendant, and that said assets and property, being the South Bend Garage, be sold by said receiver, and the proceeds thereof, after deducting all necessary and proper expenses, be applied on the liquidation of defendants' indebtedness.

"Wherefore, premises considered, plaintiffs pray the court that defendant be cited to appear and answer herein, and that upon hearing hereof they have judgment for their debt, interest, and cost of suit, and they further pray that a receiver be appointed in accordance with the term of law to take charge of the said South Bend Garage and to sell said property, and that the proceeds of said property, after deducting all necessary expenses of said receivership, be applied on the liquidation of the indebtedness of said defendant R. A. Fain. Plaintiffs further pray for general relief in law or in equity.

"O. A. McBrayer.
"Geo. W. Uttz.
"L. L. Russell.
"W. C. Witcher, Atty. for Pltffs.

"State of Texas, County of Young:

"Before me, the undersigned authority, on this day personally appeared O. A. McBrayer, G. W. Uttz, and L. L. Russell, and who, being by me first duly sworn, upon oath, state that the facts stated in the foregoing petition are substantially true to the best of their knowledge and belief, and that the defendant R. A. Fain is indebted to affiants as follows:

".O. A. McBrayer.................... $500 00
"G. W. Uttz........................ 100 00
"L. L. Russell..................... 50 00

"That said indebtedness is due and unpaid, and that all lawful offsets, credits, and payments have been allowed.

"Witness my hand and seal of office this 1st day of September, A. D. 1921.
"Evelyn Taylor,
"Notary Public, Young County, Tex."

Upon the filing of the foregoing petition the following order was made:

"Now on this the 8th day of September, A. D. 1921, the petition of plaintiffs being presented asking for a receivership of the assets of R. A. Fain, and the same being considered by the court, is of the opinion that same should be granted. It is therefore ordered, adjudged, and decreed that E. B. Witty, a qualified voter and bona fide citizen of Young county, Tex., whose post office address is South Bend, Tex., be, and is hereby, appointed as receiver, and his bond is set at $2,000, upon the execution and approval of which he will at once enter upon the discharge of his duties.

"John B. Rhea, a practicing attorney and a member of the Young county bar, and whose post office address is Graham, Tex., is hereby appointed master in chancery in this cause and in this receivership matter.
"W. H. Reeves, County Judge."

The record discloses that E. B. Witty qualified by giving bond in the sum of $2,000 approved by the county judge and by making oath that he would faithfully perform the duties of receiver in the case referred to in the foregoing petition and order. The record further discloses that on October 11, 1921, the receiver returned into court the following inventory or statement of the assets and liabilities:

### Assets.

| | |
|---|---:|
| Stock invoiced | $4,369 68 |
| Open account | 1,576 39 |
| Two-story bldg. | 4,000 00 |
| One-story bldg. | 1,000 00 |
| Lots 100-ft. front | 1,500 00 |
| Shamrock Café | 1,500 00 |
| Four leased bldgs | 2,500 00 |
| Six cars and trucks | 2,000 00 |
| Attachments replv'ed - | 3,450 00 |
| Farm | 2,000 00 |
| Lots in Fort Worth | 700 00 |
| Home in Fort Worth | 3,000 00 |
| Machinery, tools and equipment.. | 1,900 00 |
| Total | $30,496 57 |

### Liabilities.

| | |
|---|---:|
| Open account | $2,648 50 |
| Two-story B. | 1,360 00 |
| Home | 1,200 00 |
| Others | 564 00 |
| Total | $ 5,872 50 |
| Balance in assets and liabilities | $24,623 57 |

[1] At the time the injunction was granted, the trial judge had before him and could judicially notice all of the original file papers and orders in the receivership proceedings in the cause in which the application for injunction was made, and the Court of Civil Appeals may properly look to such instruments, as the same are copied in the transcript, in determining the questions here raised. See Lee v. British & American Mortgage Co. (Tex. Civ. App.) 200 S. W. 430; 23 Corpus Juris 110, §§ 1918 and 1919.

It will be noted that the value of the property of which receivership control was sought

in the original petition for the appointment of a receiver was not stated, and therefore may have exceeded in value the sum of $1,000, and appellants' counsel has raised the very interesting question of whether in any case a county court may appoint a receiver of properties valued at more than $1,000, and particularly of real estate, regardless of the value or where situated. It is contended that the jurisdiction of the county court is limited by our Constitution to cases where the amount in controversy does not exceed $1,000, and that our law also provides that such courts shall not have jurisdiction of suits for the recovery of land, and that the only power given to a county court for the issuance of writs of injunction and other writs is when necessary for the enforcement of its jurisdiction.

There at least seems to be much force in the contention. The appointment of the receiver for property is often referred to as an equitable attachment. It certainly seems to serve the functions of a statutory attachment, and it is a well-settled rule in this state that an attachment must be enforced or foreclosed in the district court. It is further a rule with us that the county court has no jurisdiction to foreclose a mortgage on personal property where the value is greater than $1,000, even in cases where the debt sued on may be within the jurisdiction of the court, and that, in order to make the jurisdiction of the court appear, the value of the property must be set out in the petition.

While the question so presented is an important and interesting one, yet it seems to be, so far as our research has gone, one of first impression in this state, and we have concluded to merely moot it for further consideration by the bench and bar, inasmuch as in this particular case we find it altogether unnecessary to determine the question.

[2] It will be noted that in the original application for the appointment of a receiver it was alleged that R. A. Fain was the "proprietor and owner of the South Bend Garage," and that "it is necessary and imperative that a receiver be appointed to take charge of the property and assets of the defendant, and that said assets and property, being the South Bend Garage, be sold by said receiver," etc., the prayer being simply "that a receiver be appointed in accordance with the terms of the law, to take charge of the said South Bend Garage and to sell said property," etc. No reference was made to any other property whatsoever, and the court's order though brief and in general terms, referred to the petition, and was evidently intended, or at least must be held to have been intended, to apply only to such property as was therein mentioned.

Our Supreme Court, in the case of Railway Co. v. Whitaker, 68 Tex. 630, 5 S. W. 448, said:

"In his fourth assignment, appellant claims that the court erred in giving judgment for the plaintiff, because, as he insists, the property was in the hands of the receiver appointed by the United States Circuit Court at the time it was levied upon and sold by the sheriff to appellees. That property in the hands of a receiver by virtue of an order of one court cannot be sold under process from another court is a proposition of law too well established to be for a moment called in question. But was the lot in controversy in the hands of the receiver? The court below found, and we think correctly, that it was not covered by the Central Trust Company's mortgage. The bill of that company in the United States court, after setting up the mortgage and giving the description of the mortgaged property therein contained, prayed that a receiver or receivers be appointed of 'all and singular the said mortgaged property and premises,' etc. It would clearly have been improper for the court under this bill to appoint a receiver of any property except that embraced in the mortgage. This was all that complainants asked, and, although the description in the order appointing the receiver is somewhat different from that in the mortgage, we think it was intended to mean the same thing. The court acquired jurisdiction over the subject-matter only by the bill, and therefore, if it had appointed a receiver over property not so embraced, it seems to us its action would have been without authority and void. We are not to presume the court intended to do this. We must consider that the property placed in the hands of the receiver was that covered by the mortgage and no more, and that the lot in controversy, not being in the mortgage, was not in custodia legis, but was subject to execution and sale at the time appellees purchased. What we have already said is sufficient to dispose of the fourth assignment of error."

In the case of Smith v. McCullough, 104 U. S. 25, 26 L. Ed. 637, by the Supreme Court, it was said that a receiver in a foreclosure action was not a receiver of any property except that covered by a mortgage, and that, notwithstanding the broad terms of the order appointing the receiver, it could not be inferred that the court intended to appoint the receiver custodian of any property except that covered by the mortgage.

In the case of Jones v. Minogue, 29 Ark. 637, it was held that a bill in chancery, praying for the appointment of a receiver, which fails to describe the property, is demurrable, and that a receiver should not be appointed to take charge of the property without a sufficient description to enable him to ascertain the subject-matter of his trust.

In 34 Cyc. 113, para. F, it is said:

"A receiver should not be appointed to take charge of property unless it is described with such reasonable certainty as to enable him to ascertain the subject-matter of his trust, and so, where the description of property is not set out with sufficient exactness to warrant the enforcement of the lien set up, there are no res of which possession can be taken, and it is erroneous to appoint a receiver."

[3] It is well settled in this state that a court is without jurisdiction to render a judgment against one party in favor of another, without a pleading filed as a basis in favor of such party with process duly served upon him. Such a judgment is a nullity. See Dunlap v. Southerlin, 63 Tex. 38; Edinburg Irr. Co. v. Paschen (Tex. Civ. App.) 223 S. W. 329.

The foregoing authorities seem to be sufficient to settle the proposition that the order in the case before us was intended to appoint appellee receiver for the South Bend Garage, and of that alone, or that, if it was intended to apply to all property belonging to R. A. Fain, whether exempt or not and whether mentioned in the petition or not, it was to that extent null and void.

Thus the court's own records refute the allegation of the receiver in this case that he was duly appointed receiver of the property of R. A. Fain, which appellants herein were seeking to recover. There is no allegation in his application for an injunction to the effect that lot 143 of the Dissel addition in the city of Fort Worth, the property in controversy, constituted any part of the South Bend Garage. On the contrary, the record unmistakably shows that such property was separate and distinct from the South Bend Garage. It must be presumed that by the South Bend Garage was meant the character of property ordinarily identified by the term "garage," and the receiver's inventory, bearing a South Bend date line, showed stock invoiced, open accounts, automobiles, trucks, attachments, etc., which generally pertain to a garage.

We conclude that the receivership proceedings, in so far at least as the property now here involved is concerned, are nullities; that appellee is without authority or right of possession in or to said premises and without right or authority to impede the execution of process herein sought to be enjoined. It is accordingly ordered that the order of the court below granting the temporary writ of injunction be vacated and set aside, and that the writ of injunction issued by virtue thereof be annulled and declared to be of no further force or effect.