J. A. CATES V. THE STATE.

No. 9619.   Delivered December 2, 1925.

Obstructing Public Highway—Evidence—Improperly Admitted.

Where on a trial for obstructing a public highway, it was error to permit the State to introduce in evidence an order of the Commissioner's Court directing appellant to move certain poles and lines to a fence line along the Denton and Little Elm road, it not being shown that appellant had any notice or knowledge of such order, and for this error the cause must be reversed and remanded.

Appeal from the County Court of Denton County. Tried below before the Hon. Brent C. Jackson, Judge.

Appeal from a conviction for obstructing a public highway, penalty a fine of $35.

The opinion states the case.

*Hopkins & Koons,* of Denton, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BARRY, JUDGE.—The offense is unlawfully obstructing a public highway and the punishment is a fine of $35.

The information charges that the appellant unlawfully obstructed the Little Elm and Frisco highway on or about the 1st day of December, 1924. In making its case in chief and before the appellant had testified or offered any testimony on the trial of the case, the State proved by one Cleveland that in the Spring of 1924 he saw the appellant putting poles on the side of the Denton to Little Elm road between the ditch and the road. The State also introduced an order of the Commissioners' Court of date May 13, 1924, showing that the Commissioners' Court had ordered the appellant to move certain poles and lines to the fence lines along said Denton and Little Elm road, same to be removed not later than the 15th day of June, 1924. Before the introduction of this testimony, the State had also proved beyond dispute by the County Engineer and others that in December, 1924, the appellant in building a telephone line along the Little Elm and Frisco highway, had placed some of his posts or poles in such a way as to obstruct the free working of said Little Elm and Frisco Highway. The appellant objected

to the testimony of Cleveland and also to the introduction of the order of the Commissioners' Court, it being his contention that this proved a distinct and separate offense and had no bearing on the case on trial and further that the appellant was not bound by the order of the Commissioners' Court but the same was a mere recital by that body, it not being shown that appellant was present or knew anything about said order at the time it was entered by said court and knew, nothing about it until a copy of it was later served on him.

We think that the appellant's contention with respect both to the testimony of Cleveland and to the introduction of the order of the Commissioners' Court is correct. This was an extraneous matter introduced by the State which did not in any manner shed light on the question under investigation. Dyerle v. State, 68 S. W. 174; Richardson v. State, 79 S. W. 576; Richardson v. State, 85 S. W. 282; Hatfield v. State, 67 S. W. 110.

Because of the admission of the foregoing testimony this case is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.