PHILLIPS et al. v. INTERSTATE SECURITIES CO. OF TEXAS.

No. 4873.

Court of Civil Appeals of Texas.
El Paso.

May 14, 1952.

Frank H. King, Terrell, for appellants.

Bonney, Paxton & Wade, Herbert S. Bonney, Jr., Storey, Sanders, Sherrill & Armstrong, Hugh L. Steger, all of Dallas, for appellee.

McGILL, Justice.

This is an appeal by Gussie McGee Phillips and husband, Hollis Phillips, from a judgment of the District Court of Kaufman County, rendered in a garnishment proceeding in favor of plaintiff, Interstate Securities Company of Texas against Billie Brewer Stone in her official capacity as District Clerk of Kaufman County, as garnishee for $700, and which provided that collection of such indebtedness due by the Garnishee to Gussie McGee Phillips under the judgment should be a bar to any recovery by Gussie McGee Phillips from the Garnishee of any part of said $700

The proceedings referred to were instituted in the District Court of Kaufman County, 86th Judicial District. On February 7, 1950, Interstate Securities Company of Texas as plaintiff in cause No. 19579, styled Interstate Securities Company of Texas v. E. F. McGee, et al., made applica-

tion for a writ of garnishment against Opal Covington, the District Clerk of Kaufman County, as garnishee, alleging that plaintiff had theretofore instituted suit in said court against E. F. McGee, Gussie McGee Phillips and husband, Hollis Phillips, as defendants, in cause No. 19512, in which plaintiff sued for a debt of $2425; that such cause was then pending; the other statutory grounds for issuance of the writ were alleged and bond for $4850 payable to Opal Covington, District Clerk of Kaufman County, was approved by the Clerk and filed, and a writ of garnishment as prayed for was issued on February 8, 1950.

We shall hereafter refer to Interstate Securities Company of Texas as plaintiff and to Gussie McGee Phillips and husband, Hollis Phillips, as defendants in relation to the proceedings in the trial court.

On March 21, 1950, defendants filed a motion to quash the writ of garnishment on the grounds that under Rule 659, T.R. C.P. the garnishment should have been filed separately and docketed in the name of the plaintiff as plaintiff and the garnishee as defendant, and that the bond should have been made payable to defendants and not to the garnishee. On May 3, 1950, plaintiff filed a motion for an order directing the clerk to docket the garnishment proceedings separately in compliance with Rule 659, T.R.C.P., and further alleged that the garnishment bond was executed through a clerical error in favor of Opal Covington, District Clerk of Kaufman County, and prayed that plaintiff be permitted to file an amended bond in favor of defendants E. F. McGee, Gussie McGee Phillips and Hollis *McGee* (Phillips). On May 12, 1950, the court denied defendants' motion to quash and permitted plaintiff to substitute a good and sufficient bond for the one filed in the garnishment proceeding and directed the clerk to re-docket and index the garnishment cause apart from the original cause of Interstate Securities Company of Texas v. E. F. McGee, et al. This order was entered June 9, 1950. A new bond dated February 7, 1950, payable to defendants, was executed by plaintiff but it does not appear whether it was approved by the Clerk nor the date when it was filed. The

garnishment proceeding was docketed under the style Interstate Securities Company of Texas v. Opal Covington, Garnishee, under No. 19579. On August 8, 1951, defendants filed their third amended original answer in cause No. 19579 in which they denied all allegations contained in plaintiff's application for a writ of garnishment, and alleged that $700 which was in possession of the District Clerk of Kaufman County represented payment to Gussie McGee Phillips for the sale of her homestead rights and interest in 117.38 acres of land in Kaufman County; that on June 18, 1949, she was granted a divorce from E. F. McGee in cause No. 19198 and a Receiver of such property and other assets was appointed to sell said property and partition the proceeds of said sale, and on November 10, 1949 the court approved the sale of said land to G. H. Raines; that certain creditors of her and her former husband E. F. McGee filed suit in cause No. 19430, styled Stanley Ballard, et al., v. E. F. McGee, et al., and a judgment was rendered for plaintiff creditors in such suit on December 29, 1949, in which the court held that the 117.38 acres was not the homestead of E. F. McGee and Gussie I. McGee and that Gussie I. McGee excepted to said judgment and gave notice of appeal therefrom; that prior to the time such judgment became final Gussie McGee Phillips and husband, Hollis Phillips, executed a deed conveying said property claimed by them as their homestead to G. H. Raines; that the sale of said land and agreement of the creditors in cause No. 19430 was reflected by the Receiver's report of completion of sale and composition of creditors with priorities in cause No. 19198, in which it was recited that an agreement of settlement by all parties had been reached and the court was asked to approve same and order the Receiver to make conveyance of the property and receive the purchase money therefor, and to approve payment of $700 to Gussie I. Phillips for release of her claim to the homestead rights in said 117.38 acres; that on February 3, 1950, the court ordered conveyance of the land and disposition of the proceeds in conformity with the Receiver's report; that

under Art. 3834, R.C.S.1925, said money was exempt from garnishment and defendants prayed that plaintiff take nothing. By supplemental petition filed August 8, 1951, plaintiff plead that the judgment in cause No. 19430, Stanley Ballard v. E. F. McGee, et al., was res adjudicata on all questions of homestead rights in the fund here involved, and defendant Gussie McGee Phillips by reason of said judgment 'was estopped to assert any homestead rights therein.

On August 8, 1951, plaintiff in cause No. 19579 filed application for a writ of garnishment against Billie Brewer Stone, District Clerk of Kaufman County, in her official capacity, as Garnishee, in which plaintiff alleged that theretofore on August 8, 1951, plaintiff recovered a personal judgment against E. F. McGee and Gussie McGee Phillips for $3184.26, with 6% interest per annum from date, and costs; that such judgment remained unsatisfied, and alleged the other statutory grounds for issuance of a writ of garnishment under Sec. 3 of Art. 4076, R.C.S. On August 8, 1951, defendants Gussie McGee Phillips and husband Hollis Phillips filed an answer in this garnishment proceeding, in which they alleged that the $700 then in the possession of the District Clerk of Kaufman County was exempt from garnishment for the same reasons alleged in their third amended answer to the first garnishment proceeding, and further that Clyde Love, the Receiver in cause No. 19198, held such money in custodia legis. By supplemental petition filed August 8, 1951, plaintiff denied that the $700 held by the Garnishee was subject to any homestead rights because Gussie McGee Phillips had no right to designate a homestead at the time of the garnishment, and because this question was res adjudicata by the judgment in cause No. 19430, and defendants were estopped by such judgment from asserting a homestead right in said fund, and denied that the fund was in custodia legis, alleging that a final order of distribution thereof had been entered in cause No. *19430* (evidently meaning meaning cause No. *19198*).

There appears an order dated August 8, 1951, which recites that plaintiff and defendants agreed in open court to the consolidation of the two garnishment proceedings, which were designated as Interstate Securities Company of Texas v. Opal Covington, District Clerk of Kaufman County, Texas, Garnishee, No. 19579, and Interstate Securities Company of Texas v. Billie Brewer Stone, District Clerk of Kaufman County, Texas, Garnishee, No. 19198, and which consolidated such cases under the style Interstate Securities Company of Texas v. Opal Covington, Garnishee, and Billie Brewer Stone, District Clerk of Kaufman County, Texas, Garnishee, No. 19579.

The court rendered judgment as heretofore stated, and at defendants' request filed findings of fact and conclusions of law, to which we shall refer hereafter.

▮ When referring to proceedings in this court we shall designate Gussie McGee Phillips and husband, Hollis Phillips, as appellants, since neither of the named garnishees filed answer in the trial court or appealed from the judgment. It seems to be well settled that the defendant in the main suit has the right to appear in ancillary garnishment suit and make his own defense thereto. Gray Co. v. Ward, Tex. Civ.App., 145 S.W.2d 650, and authorities there cited. This is so even though such defendant has not filed a replevy bond as authorized by Art. 4084, R.C.S. First National Bank of Munday v. Guinn, Tex. Civ.App., 57 S.W.2d 880. It necessarily follows, we think, that such defendant has the right of appeal from an adverse judgment rendered in a garnishment suit in which he appears.

Appellants attack the judgment by four points of error. First, because the judgment is not a final judgment because it does not dispose of Opal Covington, the first garnishee; Second, because the court erred in consolidating the two garnishment suits rather than substituting the successor to the office of district clerk in the first garnishment suit; Third because the court erred in permitting appellee to amend the bond filed in the first garnishment suit; and Fourth, because the court erred in

holding that no claim for homestead exemption existed as to the funds in the hands of the District Clerk.

The judgment impliedly disposes of Opal Covington, District Clerk of Kaufman County, Garnishee. It affirmatively appears from defendants' answers filed in the garnishment suits that the only fund which plaintiff sought to impound by the writs of garnishment was the $700 which defendant Gussie McGee Phillips was entitled to receive as her portion of the proceeds derived from the sale of the 117.38 acres. The first application for a writ of garnishment was against Opal Covington in her official capacity as District Clerk of Kaufman County, as Garnishee, and the second application was for a writ against Billie Brewer Stone in the same capacity. The judgment impliedly shows that the $700 impounded was the money owing to Gussie McGee Phillips as proceeds of the sale of 117.38 acres in which she claimed homestead rights, and that this is the $700 which was in the hands of the District Clerk when the judgment was rendered. There is no intimation that either Opal Covington or Billie Brewer Stone in her official capacity at any time had in their hands any other money belonging to defendant Gussie McGee Phillips. The judgment recites that on January 1, 1951, Opal Covington went out of office as District Clerk and turned over this $700 to Billie Brewer Stone, her successor as District Clerk. In her official capacity Billie Brewer Stone was in privity with her predecessor, Opal Covington, therefore the judgment is effective as a bar to any recovery by appellants against Opal Covington in her capacity as District Clerk, and is a final judgment from which an appeal lies. 43 Am.Jur. p. 258, § 519; Jackson v. Houser, Tex.Civ.App., 208 S.W. 186, loc. cit. 187 (3, 5).

It appears from the order consolidating the two garnishment suits and from recitals in the judgment that defendants agreed to the consolidation and to one trial against both garnishees. Appellants made no objection to such consolidation and trial and did not even suggest to the trial court

that the Garnishee in the second garnishment suit should be substituted as the Garnishee in the first garnishment suit, the point that they attempt to raise here. Since no complaint was made to the action of the trial court in ordering the consolidation and joint trial, if any error was committed appellants waived such error and we cannot consider it here since it was not raised in the trial court.

If the court erred in permitting plaintiff to amend the bond filed in the first garnishment suit, such error was harmless. There is no question as to the validity of the writ issued in the second garnishment suit. The fund in question was impounded by this writ. It is true that such fund might not have been in the hands of the District Clerk had the first writ of garnishment been quashed; but the fact remains that it was in the hands of the District Clerk when the writ issued in the second garnishment suit was served, and it was thereby impounded. If defendants suffered any damage by reason of the Clerk's having retained the money under a void or voidable writ, such was due in part to their own negligence in not pressing the first suit to a final judgment, and they cannot complain.

Appellants rely on the order of the court in cause No. 19198 approving the Receiver's report as establishing the homestead rights of Gussie McGee Phillips in the $700. This report recites that the estate was insolvent and it was necessary for the receiver to negotiate with all creditors and the parties to reach a composition and agreed settlement to their pro rata in the proceeds of the sale of the 117.38 acres, and that such agreement had been reached in order to complete the sale, make conveyance of the property and receive the purchase money, and with respect to the payment of funds to be received from the sale the report lists Item No. 4: "Gussie I. Phillips (nee McGee) for release of her claims to the homestead rights in said 117.38 acres and deed to purchaser $700.00". The order of February 3, 1950 found that the Receiver's report should be approved and ordered the Receiver to proceed to close the sale to G. H. Raines, the purchaser, and to receive

the purchase money, $12,000 cash and deposit it in the registry of the court and ordered the Clerk to issue checks upon such $12,000 to each of the creditors listed in the receiver's report for the amounts agreed upon as therein indicated and to deliver such checks to the Receiver for delivery to each of the creditors. It is appellants' contention that this order established the homestead claim of Gussie McGee Phillips in the $700 and is res adjudicata of her homestead interest therein. Appellee relies on the judgment rendered in cause No. 19430, Stanley Ballard d/b/a Nor-Tex Lumber Company v. E. F. McGee, et al., entered December 29, 1949, which recites:

"This court is further of the opinion that none of the real estate involved in this case (the 117.38 acres) is the homestead or any part of the homestead of either defendant E. F. McGee or defendant Gussie McGee Phillips."

as being res adjudicata of homestead claim of Gussie McGee Phillips in the $700; also on the court's finding No. (16) to effect that the Receiver's report in cause No. 19198 was not adopted in full by the order of February 3, 1950, and was not adopted where reference is made to item No. 4 but

"* * * said report was referred to solely for the purpose of incorporating the amounts named therein in ordering the District Clerk to issue checks for such amounts to the respective persons so listed"

and therefore the order was not an adjudication of any homestead rights of Gussie McGee Phillips in the $700 fund and (17)

"that Gussie I. McGee Phillips had no minor child or children living with her at the time of the entry of the judgment in cause No. 19430 and up to and including the trial of this cause, and therefore could not designate her homestead."

In our opinion it is unnecessary to determine whether the judgment in cause No. 19430 or the order of February 3, 1950 in cause No. 19198 is res adjudicata of Gussie I. McGee Phillips' homestead claim, or whether she is estopped to assert said claim by the judgment in cause No. 19430. The divorce decree of June 18, 1949 destroyed any homestead claim to the 117.38 acres which Gussie I. McGee or her former husband had at that time. Tanton v. State National Bank of El Paso, Tex. Civ.App., 43 S.W.2d 957. The judgment granting the divorce placed the 117.38 acres in the hands of a Receiver for the purpose of sale and partition of the proceeds of such sale among the parties and their creditors. Such property remained in the hands of the Receiver until the order of February 3, 1950, and by such order and the deed theretofore executed by appellants, title to such property was vested in the purchaser free of any homestead claim. The estate was insolvent. We think that while the property was in the possession and under the control of the Receiver for the purpose of the sale it was in custodia legis, and that Gussie McGee Phillips, even though she had been the head of a family and entitled to designate a homestead, or even though her second husband as head of the family had attempted to designate this property as a homestead, such designation would have been ineffective while the property was in the hands of the Receiver. A receivership performs functions of a statutory attachment. 36 Tex.Jur. p. 30, § 11; Connellee v. Witty, Tex.Civ.App., 246 S.W. 715, loc. cit. 717. It is in the nature of an attachment sequestration or equitable execution before judgment. Lubbock Oil Ref. Co. v. Bourn, Tex.Civ.App., 96 S.W.2d 569, citing 53 C.J. pp. 19 and 20, § 3. See also 75 C. J.S., Receivers, § 3. It has been decided in this state that a previously acquired attachment lien upon real property cannot be subsequently defeated by the voluntary act of the debtor in attempting to make it his homestead. Gage v. Neblett, 57 Tex. 374; Wright v. Straub, 64 Tex. 64; Annotation 110 A.L.R. 883. The designation of a homestead of property in the hands of a receiver for the purpose of sale to satisfy claims of creditors of an insolvent estate, if effective would defeat the purpose of the receivership and interfere with the court's administration of the property. Since neither Gussie McGee Phillips nor her former

450

husband, E. F. McGee by virtue of the divorce had any homestead rights on the 117.38 acres when the receiver was appointed, neither could acquire such rights in the property while it was being administered by the receiver.

All of appellants' points are overruled and the judgment is affirmed.